B1 (Official Form 1)(4/10)

# United States Bankruptcy Court
## Northern District of Illinois

**Voluntary Petition**

| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| ALT Hotel, LLC, a Delaware Limited Liability Company | |

| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
|---|---|
| | |

| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) |
|---|---|
| 74-3194168 | |

| Street Address of Debtor (No. and Street, City, and State): | Street Address of Joint Debtor (No. and Street, City, and State): |
|---|---|
| 701 North Michigan Avenue<br>Chicago, IL | |
| ZIP Code: 60611-2501 | ZIP Code: |

| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
|---|---|
| Cook | |

| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
|---|---|
| ZIP Code: | ZIP Code: |

Location of Principal Assets of Business Debtor (if different from street address above):

**Type of Debtor** (Form of Organization) (Check one box)
- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ■ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box)
- ☐ Health Care Business
- ■ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity** (Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ■ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ■ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Assets**
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ |

**Estimated Liabilities**
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ |

B1 (Official Form 1)(4/10)   Page 2

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> ALT Hotel, LLC, a Delaware Limited Liability Company |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet)

| Location Where Filed: - None - | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor: <br> Petra Fund REIT Corp. | Case Number: <br> 10-15500-SCC | Date Filed: <br> 10/20/10 |
|---|---|---|
| District: <br> Southern District of New York | Relationship: <br> Indirect/remote partial owner | Judge: <br> Honorable Shelley C. Chapman |

| **Exhibit A** <br><br> (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☐ Exhibit A is attached and made a part of this petition. | **Exhibit B** <br> (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). <br><br> X _____ <br> Signature of Attorney for Debtor(s)    (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(4/10)     Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>ALT Hotel, LLC, a Delaware Limited Liability Company |
|---|---|

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).<br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (If not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br>(Check only one box.)<br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.<br>☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>Signature of Foreign Representative<br><br>_____<br>Printed Name of Foreign Representative<br><br>_____<br>Date |
| **Signature of Attorney\***<br><br>X /s/ Neal Wolf<br>Signature of Attorney for Debtor(s)<br>**Neal L. Wolf 6186361**<br>Printed Name of Attorney for Debtor(s)<br>**Neal Wolf & Associates, LLC**<br>Firm Name<br>**155 N. Wacker Drive<br>Suite 1910<br>Chicago, IL 60606-1787**<br>Address<br><br>Email: nwolf@nealwolflaw.com<br>**(312) 228-4990 Fax: (312) 228-4988**<br>Telephone Number<br>**May 5, 2011**<br>Date<br><br>\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>X _____<br><br>_____<br>Date |
| **Signature of Debtor (Corporation/Partnership)**<br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X /s/ Joseph Iacono<br>Signature of Authorized Individual<br>**Joseph Iacono**<br>Printed Name of Authorized Individual<br>**Authorized Signatory, Hotel Allerton Mezz, LLC, Sole Member**<br>Title of Authorized Individual<br>**May 5, 2011**<br>Date | Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.* |

## CERTIFICATION RESOLUTIONS

### Recitals

Hotel Allerton Mezz, LLC, a Delaware limited liability company ("Mezz Lender"), is the sole registered member of ALT Hotel, LLC, a Delaware limited liability company (the "Company"). Joseph Iacono is the duly qualified signatory of Mezz Lender, and he is authorized and empowered to act for and on behalf of and in the name of Mezz Lender as Mezz Lender's act and deed in all transactions in which Mezz Lender is acting as the sole Member of the Company.

### Resolutions

The undersigned, being the sole Member of the Company hereby duly adopt the following resolutions of the Company, as of May 5, 2011:

I. **Voluntary Petition and Retention of Professionals Under the Provisions of Chapter 11 of the United States Bankruptcy Code**

   **RESOLVED**, that in the judgment of the sole Member of the Company and its Independent Manager, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

   **RESOLVED**, that the Officers or other authorized signatories of the sole Member of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the operation of the Company's business; and

   **RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Neal Wolf & Associates, LLC as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations. including filing any pleadings: and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Neal Wolf & Associates, LLC; and

   **RESOLVED**, that the Authorized Officers be, and they hereby are authorized and directed to employ the law firm of O'Rourke & Moody as special litigation counsel to represent and assist the Company in connection

with potential litigation with Wells Fargo, N.A., Diamond Rock Hospitality Company and Diamond Rock Allerton Owner, LLC regarding the Company's chapter 11 case and the Company's claims against the aforesaid entities, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of O'Rourke & Moody; and

**RESOLVED**, that the Company may retain such other professionals to represent and/or assist this Company in the aforesaid chapter 11 case on a general retainer or such other terms or conditions as any Authorized Officer shall deem advisable; and

**RESOLVED**, that in connection with the prosecution of the chapter 11 case, the Authorized Officers and any employees or agents (including counsel) designated by or directed by the Authorized Officers be, and each hereby is, authorized and empowered on behalf of, and in the name of the Company, to cause the Company to enter into any agreements, instruments and documents as may be necessary, appropriate or desirable and to make such motions and other filings with the Bankruptcy Court, and do all other things, as may be or may become necessary, appropriate or desirable in order to effectuate a sale of the Company; and

**RESOLVED**, that the Authorized Officers, and any employees or agents (including counsel) designated by or directed by the Authorized Officers be, and each hereby is, authorized and empowered to cause the Company to enter into, execute, deliver, certify, file and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling or governmental or regulatory authorities, certificates and other documents and to take such other actions as in the judgment of the Authorized Officers shall be or become necessary, proper and desirable to prosecute to a successful completion the chapter 11 case, to effectuate the restructuring of the debt, other obligations, organizational form and structure of the Company consistent with the foregoing votes and to carry out and put into effect the purposes of the foregoing votes and the transactions contemplated by these votes, their authority thereunto to be evidenced by the taking of such actions; and

**RESOLVED,** that any and all past actions heretofore taken by officers or directors of the Company in the name of and on behalf of the Company in furtherance of any or all of the preceding votes be, and the same hereby are, ratified, approved and adopted; and

II. **Further Actions and Prior Actions**

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein; and

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

IN WITNESS WHEREOF, the undersigned have caused this certificate to be executed as of the 5th day of May, 2011.

THE COMPANY

ALT Hotel, LLC

Hotel Allerton Mezz, LLC, in its capacity as Sole Member

By: _____
Joseph Iacono, Authorized Signatory

00001171.DOCX V-    3

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **ALT Hotel, LLC, a Delaware Limited Liability Company**   Case No. _____
Debtor(s)   Chapter   **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| Central Pension Fund<br>4115 Chesapeake Street, NW<br>Washington, DC 20016 | Central Pension Fund<br>4115 Chesapeake Street, NW<br>Washington, DC 20016 | Employee Related Debt | | 5,088.75 |
| Chicago Convention & Tourism Bureau<br>2301 South Lake Shore Drive<br>Chicago, IL 60616 | Chicago Convention & Tourism Bureau<br>2301 South Lake Shore Drive<br>Chicago, IL 60616 | Trade Debt | | 4,208.50 |
| Five Star Laundry Chicago LLC<br>1060 West Division Street<br>Chicago, IL 60642-4205 | Five Star Laundry Chicago LLC<br>1060 West Division Street<br>Chicago, IL 60642-4205 | Trade Debt | | 14,967.58 |
| Flexprint<br>505 North LaSalle Street<br>Chicago, IL 60654 | Flexprint<br>505 North LaSalle Street<br>Chicago, IL 60654 | Trade Debt | | 5,212.70 |
| Guest Supply<br>2 Campus Drive<br>Monmouth Junction, NJ 08852 | Guest Supply<br>2 Campus Drive<br>Monmouth Junction, NJ 08852 | Trade Debt | | 10,457.44 |
| Hereiu Welfare Funds<br>55 West Van Buren<br>Suite 500<br>Chicago, IL 60605 | Hereiu Welfare Funds<br>55 West Van Buren<br>Suite 500<br>Chicago, IL 60605 | Employee Related Debt | | 91,191.06 |
| IUOE Local 399<br>2260 South Grove Street<br>Chicago, IL 60616 | IUOE Local 399<br>2260 South Grove Street<br>Chicago, IL 60616 | Employee Related Debt | | 6,309.36 |
| Liberty Mutual Insurance Co.<br>222 South Riverside Plaza<br>Suite 1580<br>Chicago, IL 60606 | Liberty Mutual Insurance Co.<br>222 South Riverside Plaza<br>Suite 1580<br>Chicago, IL 60606 | Insurance | | 21,015.38 |
| Lodgenet Interactive Corporation<br>535 Fifth Avenue, 15th Floor<br>New York, NY 10017 | Lodgenet Interactive Corporation<br>535 Fifth Avenue, 15th Floor<br>New York, NY 10017 | Trade Debt | | 10,406.31 |

B4 (Official Form 4) (12/07) - Cont.

In re  ALT Hotel, LLC, a Delaware Limited Liability Company    Case No. _____
      Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| National Decorating Service 2210 Camden Court #1 Oak Brook, IL 60523-1269 | National Decorating Service 2210 Camden Court #1 Oak Brook, IL 60523-1269 | Trade Debt | | 6,024.55 |
| Park One 328 South Wabash Avenue Chicago, IL 60604 | Park One 328 South Wabash Avenue Chicago, IL 60604 | Trade Debt | | 18,585.00 |
| Redwood Systems Group 8231 West 185th Street Suite 300 Tinley Park, IL 60487 | Redwood Systems Group 8231 West 185th Street Suite 300 Tinley Park, IL 60487 | Trade Debt | | 7,080.00 |
| Southern Audio Visual 11700 NW 102nd Road #15 Miami, FL 33178-1029 | Southern Audio Visual 11700 NW 102nd Road #15 Miami, FL 33178-1029 | Trade Debt | | 4,917.42 |
| Southern Wine & Spirits of Illinois 300 East Crossroads Parkway Bolingbrook, IL 60440 | Southern Wine & Spirits of Illinois 300 East Crossroads Parkway Bolingbrook, IL 60440 | Trade Debt | | 5,191.18 |
| Testa Produce Inc. 4555 South Racine Avenue Chicago, IL 60609 | Testa Produce Inc. 4555 South Racine Avenue Chicago, IL 60609 | Trade Debt | | 7,004.35 |
| Unite Here National Retirement Fund 6 Blackstone Valley Pl. Lincoln, RI 02865 | Unite Here National Retirement Fund 6 Blackstone Valley Pl. Lincoln, RI 02865 | Employee Related Debt | | 36,785.95 |
| United Healthcare 233 North Michigan Avenue Chicago, IL 60601 | United Healthcare 233 North Michigan Avenue Chicago, IL 60601 | Insurance | | 25,166.75 |
| US Foodservice 800 Supreme Drive Bensenville, IL 60106 | US Foodservice 800 Supreme Drive Bensenville, IL 60106 | Trade Debt | | 36,472.98 |
| Wirtz Beverage 1600 McConnor Parkway 11th Floor Schaumburg, IL 60193 | Wirtz Beverage 1600 McConnor Parkway 11th Floor Schaumburg, IL 60193 | Trade Debt | | 5,115.85 |
| XO Communications 233 South Wacker Drive 35th Floor Chicago, IL 60606 | XO Communications 233 South Wacker Drive 35th Floor Chicago, IL 60606 | Trade Debt | | 4,927.18 |

B4 (Official Form 4) (12/07) - Cont.

In re  ALT Hotel, LLC, a Delaware Limited Liability Company                    Case No. _____
                          Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

### DECLARATION UNDER PENALTY OF PERJURY
### ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Authorized Signatory, Hotel Allerton Mezz, LLC, Sole Member of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date  May 5, 2011                   Signature  _____
                                               Joseph Iacono
                                               Authorized Signatory, Hotel Allerton Mezz, LLC, Sole
                                               Member

*Penalty for making a false statement or concealing property*: Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
### Northern District of Illinois

In re  **ALT Hotel, LLC, a Delaware Limited Liability Company**  
                                            Debtor(s)

Case No.  
Chapter  **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---:|
   | For legal services, I have agreed to accept | $ allowed fees |
   | Prior to the filing of this statement I have received | $ 100,000.00 |
   | Balance Due Today | $ 0.00 |

2. The source of the compensation paid to me was:

   ☐ Debtor     ☒ Other (specify):   **affiliate of Debtor**

3. The source of compensation to be paid to me is:

   ☒ Debtor     ☐ Other (specify):

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
   **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **May 5, 2011**

*/s/ Neal L. Wolf*  
Neal L. Wolf 6186361  
Neal Wolf & Associates, LLC  
155 N. Wacker Drive  
Suite 1910  
Chicago, IL 60606-1787  
(312) 228-4990  Fax: (312) 228-4988  
nwolf@nealwolflaw.com

# United States Bankruptcy Court
## Northern District of Illinois

In re: **ALT Hotel, LLC, a Delaware Limited Liability Company**
Debtor

Case No. _____

Chapter **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Hotel Allerton Mezz, LLC<br>701 North Michigan Avenue<br>Chicago, IL 60611-2501 | | | |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Authorized Signatory, Hotel Allerton Mezz, LLC, Sole Member of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date **May 5, 2011**        Signature _/s/ Joseph Iacono_
                                            Joseph Iacono
                                            Authorized Signatory, Hotel Allerton Mezz, LLC, Sole Mem

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

___0___ continuation sheets attached to List of Equity Security Holders

# United States Bankruptcy Court
## Northern District of Illinois

In re __ALT Hotel, LLC, a Delaware Limited Liability Company__  
                                              Debtor(s)

Case No. _____  
Chapter __11__

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: __30__

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date: __May 5, 2011__

_/s/ Joseph Iacono_  
Joseph Iacono/Authorized Signatory, Hotel Allerton Mezz, LLC, Sole Member  
Signer/Title

# United States Bankruptcy Court
## Northern District of Illinois

In re  ALT Hotel, LLC, a Delaware Limited Liability Company

Debtor(s)

Case No.  _____

Chapter  11

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for  ALT Hotel, LLC, a Delaware Limited Liability Company  in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

Hotel Allerton Mezz, LLC
701 North Michigan Avenue
Chicago, IL 60611-2501

☐ None [Check if applicable]

May 5, 2011
Date

*[signature: Neal Wolf]*

Neal L. Wolf 6186361
Signature of Attorney or Litigant
Counsel for  ALT Hotel, LLC, a Delaware Limited Liability Company
Neal Wolf & Associates, LLC
155 N. Wacker Drive
Suite 1910
Chicago, IL 60606-1787
(312) 228-4990 Fax:(312) 228-4988
nwolf@nealwolflaw.com