UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ALT Hotel, LLC, | ) Case No. 11-19401 (ABG) |
| Debtor. | ) |

**INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 361, 362 AND 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001 FOR INTERIM ORDER AUTHORIZING IT (A) TO USE CASH COLLATERAL AND (B) TO GRANT ADEQUATE PROTECTION AND PROVIDE SECURITY AND OTHER RELIEF TO SENIOR LENDER**

This core proceeding coming before the Court on the Debtor's Emergency Motion Pursuant to 11 U.S.C. §§ 361, 362 and 363 and Federal Rule of Bankruptcy Procedure 4001 for Interim Order Authorizing it (A) to Use Cash Collateral and (B) to Grant Adequate Protection and Provide Security and Other Relief to Senior Lender (the "Motion"),[1] and the Debtor and Senior Lender (the "Parties") having stipulated that the Debtor and its estate will suffer immediate and irreparable harm if the interim relief as set forth herein is not granted, the Parties having stipulated that the Motion, to the extent granted herein, is otherwise in the best interests of the Debtor, its estate, its creditors and other parties-in-interest and that the Senior Lender, being the only entity known by the Debtor to assert an interest in Cash Collateral, has consented to the relief for the limited time and on the conditions as set forth herein; the Parties having stipulated that a genuine emergency would arise if consideration of the relief granted herein were delayed; and the Parties having stipulated

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings set forth in the Motion.

that notice of the Motion was good and sufficient under the circumstances, and that no other or further notice need be given; ~~and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor~~, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The interim relief requested in the Motion is GRANTED as and to the extent set forth herein.

2. Except as set forth in paragraph 9 hereof, all objections to the entry of this interim order (the "Interim Order"), if any, are resolved hereby or, to the extent not resolved, are overruled.

3. The Debtor is authorized to use the Cash Collateral, including, without limitation, that Cash Collateral relating to the Hotel's room revenues, meeting space revenues, and food and beverage revenues, pursuant to sections 363(c)(2)(A) and (B) of the Bankruptcy Code, to pay (a) insurance obligations in the amount of $48,954 and (b) the Kokua management fee of $45,540 (together, the "Interim Cash Collateral Uses"). The Debtor's use of Cash Collateral as set forth above is authorized only through May 19, 2011 (the "Interim Expiry Date"). The Debtor shall cease using Cash Collateral after the Interim Expiry Date unless otherwise agreed to by the Senior Lender or otherwise authorized by this Court.

4. The Senior Lender has agreed and the Debtor is hereby directed that until the Interim Expiry Date, the Debtor (either itself or through Kokua) shall (a) continue to adhere to the terms of the cash management system set forth in the Senior Loan Agreement, including, without limitation, maintaining the lock-box concentration account system as set forth in the Senior Loan Agreement and as it is being followed immediately prior to the date of this Interim Order; (b) adhere to the Interim Cash Collateral Uses subject to a ten (10) percent variance

allowance per item; (c) accrue interest on the outstanding senior debt at the default rate set forth in the Senior Loan Agreement; (d) provide rights to the Senior Lender to seek termination of Cash Collateral usage in certain events (as more fully described in the Motion) or for any other reason that the Senior Lender deems justified (provided, however, that the Senior Lender shall give the Debtor no less than two (2) business days' notice of any motion, application or proceeding seeking any such termination of cash collateral usage); (e) grant to the Senior Lender replacement liens with the same validity and priority on all Rents and all other property of the estate (including, without limitation, after acquired property of the estate) of the same kind and nature on which the Senior Lender had a duly perfected and valid lien and security interest on a prepetition basis, with any such liens and security interests to be automatically perfected without further action by the Debtor or the Senior Lender; (f) continue to maintain adequate insurance on all property on which the Senior Lender holds a duly perfected and valid lien and security interest on a prepetition basis; (g) continue to maintain and preserve the Hotel and the Debtor's other assets in good repair and condition and make any necessary repairs and improvements; and (h) provide the Senior Lender with the same financial reporting documents as were provided for under the Senior Loan Agreement.

5. The Interim Cash Collateral Uses are hereby approved and the Debtor is allowed to exceed those amounts by a variance of ten (10) percent per item. The Debtor and the Senior Lender may mutually agree to amend the Interim Cash Collateral Uses at any time prior to the Final Hearing without further order of the Court.

6. The Debtor and its agents are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

7. The Final Hearing on the Debtor's Motion is set for May 18, 2011 at 9:30 a.m.

8. Within three (3) business days following entry of this Interim Order, the Debtor shall serve a copy of this Interim Order and notice of the date and time for the Final Hearing by first-class mail upon: (a) counsel to the Senior Lender and any other parties know to have an interest in Cash Collateral; (b) the Debtor's twenty (20) largest unsecured creditors; (c) the Office of United States Trustee for the Northern District of Illinois; (d) any party that has appeared and requested notice in the Case; and (e) any other party as directed by the Court.

9. For the avoidance of doubt, the Senior Lender has consented to the relief granted herein on the terms and conditions set forth herein. Nothing herein shall constitute a finding as to the sufficiency of any "adequate protection" or, except as set forth in the first paragraph of this Order, be deemed a finding by the Court (or consent or agreement by the Senior Lender) as to the Motion or the allegations set forth therein. The Senior Lender has fully reserved and preserved its rights to (a) contest and object to the Motion at any subsequent hearing thereon and to seek any other relief it may be due and (b) assert any other positions, rights or remedies it may have with respect to any other dispute it may have with the Debtor or its affiliates.

10. Nothing herein shall constitute an agreement or acknowledgement by the Debtor (a) that the Senior Loan Agreement is in default and (b) that the Senior Lender is entitled to the accrual of any interest, including, without limitation, default rate interest. The Debtor has fully reserved and preserved its rights to (x) object to the Senior Lender's claim that it is entitled to the continued accrual of any interest under the Senior Loan Agreement or that it is entitled to default rate interest and (y) assert any other positions, rights or remedies it may have with respect to any other dispute it may have with the Senior Lender, any of its affiliates, Wells Fargo Bank, N.A. or any of its affiliates.

11. This Interim Order is effective immediately.

Dated: May _____, 2011

**0 9 MAY 2011**

_____
UNITED STATES BANKRUPTCY JUDGE