## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ALT Hotel, LLC, | ) | Case No. 11-19401 (ABG) |
|  | ) |  |
| Debtor. | ) | Hearing Date: March 5, 2012 at 10:00 a.m. |
|  | ) | Objection Due: February 23, 2012 at 5:00 p.m. |

### NOTICE OF MOTION FOR ORDER (I) APPROVING DISCLOSURE STATEMENT AND THE FORM AND MANNER OF NOTICE OF HEARING, (II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES, AND (III) SCHEDULING HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED BY THE DEBTOR

To:     All Parties on the Attached Service List

PLEASE TAKE NOTICE that at 10:00 a.m. on March 5, 2012, or as soon thereafter as may be heard, ALT Hotel, LLC shall appear before the Honorable A. Benjamin Goldgar, Judge of the above-entitled Court, or before any judge sitting in his stead, in Room 613 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois, 60604, and present the Motion for Order (I) Approving Disclosure Statement and the Form and Manner of Notice of Hearing, (II) Establishing Solicitation and Voting Procedures and (III) Scheduling Hearing and Establishing Objection Procedures with Respect to Confirmation of the Plan of Reorganization Under Chapter 11 of the Bankruptcy Code Proposed by the Debtor. A copy of the aforesaid motion and related papers are hereby served upon you.

Respectfully submitted,

Dated: January 25, 2012

ALT Hotel, LLC

By: /s/ Neal L. Wolf
Neal L. Wolf (ARDC No. 6186361)
Dean C. Gramlich (ARDC No. 6191587)
Jordan M. Litwin (ARDC No. 6287792)
NEAL WOLF & ASSOCIATES, LLC
155 N. Wacker Drive, Suite 1910
Chicago, IL 60606
Main: (312) 228-4990
Fax:   (312) 228-4988
Email: nwolf@nealwolflaw.com
       dgramlich@nealwolflaw.com
       jlitwin@nealwolflaw.com
*Attorneys for the Debtor and Debtor in Possession*

## CERTIFICATE OF SERVICE

I, Dean C. Gramlich, an attorney, hereby certify that a true and correct copy of the

foregoing Notice, Motion for Order (I) Approving Disclosure Statement and the Form and

Manner of Notice of Hearing, (II) Establishing Solicitation and Voting Procedures, (III)

Scheduling Hearing and Establishing Objection Procedures with Respect to Confirmation of the

Plan of Reorganization Under Chapter 11 of the Bankruptcy Code Proposed by the Debtor, and

the related documents, were served on the parties listed on the attached Service List via the

CM/ECF system, on or about January 25, 2012.

/s/ Dean C. Gramlich

## SERVICE LIST

<u>VIA CM/ECF</u>

Christian Auty
Paul Hastings LLP
Creditor Kokua Hospitality, LLC
christianauty@paulhastings.com
jeffreydiener@paulhastings.com

James R Irving
Aaron Paushter
DLA Piper
Creditor DiamondRock Allerton Owner LLC
jim.irving@dlapiper.com
timothy.walsh@dlapiper.com
lawrence.uchill@dlapiper.com
william.coleman@dlapiper.com
jason.karaffa@dlapiper.com
aaron.paushter@dlapiper.com
docketingchicag@dlapiper.com

Patrick S Layng
United States Trustee (Region 11)
USTPRegion11.ES.ECF@usdoj.gov

Michael C. Moody
O'Rourke & Moody
Interested Party Hotel Allerton Mezz, LLC
mmoody@orourkeandmoody.com
firm@orourkeandmoody.com
morourke@orourkeandmoody.com

Jason Lawrence Pyrz
Jerry L Switzer
Polsinelli Shughart **PC**
Defendant U.S. BANK NATIONAL
ASSOCIATION AS TRUSTEE FOR THE
CREDIT SUISSE FIRST BOSTON
MORTGAGE SECURITIES CORP.
COMMERCIAL PASS-THROUGH
CERTIFICATES SERIES 2007-TLF1
jpyrz@polsinelli.com
jswitzer@polsinelli.com

Michele M. Reynolds
Dowd, Bloch & Bennett
Creditor National Retirement Fund
efile@dbb-law.com
mreynolds@dbb-law.com

Brian Raynor
Travis Rojakovick
Aaron C Smith
David W. Wirt
Locke Lord LLP
Creditor DiamondRock Allerton Owner LLC
braynor@lockelord.com
trojakovick@lockelord.com
asmith@lockelord.com
dwirt@lockelord.com
croe@lockelord.com
docket@lockelord.com
chicagodocket@lockelord.com

George R Dougherty
Jacob Smith
Maile H. Solis-Szukala
Grippo & Elden LLC
Defendant WELLS FARGO BANK, N.A.
gdougherty@grippoelden.com
docket@grippoelden.com
ourdocket@gmail.com

Samuel C. Wisotzkey
Kohner, Mann & Kailas, S.C.
Creditor U.S. Foodservice, Inc.
swisotzkey@kmksc.com
kmksc@kmksc.com

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALT Hotel, LLC, | ) | Case No. 11-19401 (ABG) |
| | ) | |
| Debtor. | ) | **Hearing Date: March 5, 2012 at 10:00 a.m.** |
| | ) | **Objection Due: February 23, 2012 at 5:00 p.m.** |

## MOTION FOR ORDER (I) APPROVING DISCLOSURE STATEMENT AND THE FORM AND MANNER OF NOTICE OF HEARING, (II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES, AND (III) SCHEDULING HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED BY THE DEBTOR

The debtor and debtor in possession (the "Debtor") in the above-captioned case (the "Case"), by and through its undersigned counsel, respectfully submits this motion (the "Motion") to the Court for entry of an order (the "Order"), pursuant to sections 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended (the "Bankruptcy Code"); Rules 2002, 3016, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Rule 3016 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), (i) approving the Disclosure Statement for Plan of Reorganization Under Chapter 11 of the Bankruptcy Code Proposed by the Debtor, dated December 16, 2011 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement")[1] and the form and manner of the Disclosure Statement Hearing Notice (as defined below); (ii) establishing a record date for determining the holders of claims entitled to vote on the Plan of Reorganization

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement.

Under Chapter 11 of the Bankruptcy Code Proposed by the Debtor (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") and approving procedures for the solicitation of votes, including (a) approving solicitation packages and procedures for distribution thereof, (b) approving forms of ballot, (c) approving notices to non-voting classes under the Plan, (d) establishing a voting deadline for the receipt of ballots, and (e) approving procedures for vote tabulation; and (iii) scheduling a hearing to consider confirmation of the Plan and approving the form and manner of notice thereof.  In support of this Motion, the Debtor respectfully states as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

2.      The statutory predicate for the relief requested herein are sections 1125, 1126 and 1128 of the Code, Bankruptcy Rules 2002, 3016, 3017, 3018 and 3020 and Local Rule 3016.

## Background

### A.    The Bankruptcy Case

3.      On May 5, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues in possession of its property and continues to operate and manage its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtor's chapter 11 case.

4.      The Debtor remains in possession of its assets and continues to operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

**B.      The Debtor's Business Operations**

5.      The Debtor is a Delaware limited liability company.  Its sole member is Hotel

Allerton Mezz, LLC, a Delaware limited liability company ("Mezz Lender").  The Debtor's sole

asset is a hotel in downtown Chicago, Illinois named the Allerton Hotel (the "Hotel").

6.      In addition to 443 guest rooms, the Hotel provides 12,000 square feet of meeting

and function space, a restaurant, a cocktail lounge, a business center and a fitness center.

7.      The Hotel, located on Michigan Avenue in the heart of the "Magnificent Mile," is

a Chicago "landmark."  It is listed on the National Register of Historic Places and was designated

an historic landmark by the City of Chicago.

8.      The interior of the Hotel was the subject of a major renovation which ended in

July of 2008.  The renovation was very well received.  The Hotel was awarded "Best Guestroom

Design" by Hotel World Magazine and was a finalist for best restaurant, lounge and public space

design.

9.      Unfortunately, the Hotel's emergence from this major renovation coincided with

the onset of the 2008 recession and Chicago's worst recorded hotel market downturn.  Revenue

per available room (or RevPAR) dropped substantially, falling by approximately 29 percent in

the year after the Debtor completed the renovations.

10.      Since that time, occupancy rates have fluctuated, but increased for the 2011

calendar year.  Average daily rates have remained low, peaking in 2008 but declining since that

time.

11.      The Debtor filed bankruptcy in order to preserve what it believes is the substantial

equity value in the Hotel.  The Debtor's principal creditor, Senior Lender, purchased its senior

loan position for the purpose of acquiring the Hotel and was pursuing a foreclosure action in

Cook County Circuit Court at the time of the chapter 11 filing.

## Relief Requested

12.     By this Motion, the Debtor seeks entry of an order, substantially in the form

attached hereto as <u>Exhibit 1</u> (the "Disclosure Statement Order"), pursuant to sections 1125, 1126

and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018 and 3020 and

Local Rule 3016, (i) approving the Disclosure Statement, a copy of which is attached hereto as

<u>Exhibit 2</u>, as containing "adequate information" as such term is defined in section 1125 of the

Bankruptcy Code; (ii) establishing a record date for determining the holders of claims entitled to

vote on the Plan and approving procedures for the solicitation of votes, including (a) approving

solicitation packages and procedures for distribution thereof, (b) approving forms of ballots, (c)

approving notices to non-voting classes under the Plan, (d) establishing a voting deadline for the

receipt of ballots and (e) approving procedures for vote tabulation; and (iii) scheduling a hearing

to consider confirmation of the Plan and approving the form and manner of notice thereof.

## PROPOSED DISCLOSURE STATEMENT CONTAINS ADEQUATE INFORMATION AND SHOULD BE APPROVED

**A.     Approval of the Disclosure Statement**

13.     Pursuant to section 1125 of the Bankruptcy Code, the proponent of a Plan must

provide holders of impaired claims with "adequate information" regarding such plan when

soliciting votes to accept or reject such plan. Section 1125(a)(1) of the Bankruptcy Code

provides:

> "[A]dequate information" means information of a kind, and in
> sufficient detail, as far as is reasonably practicable in light of the
> nature and history of the debtor and the condition of the debtor's
> books and records, including a discussion of the potential
> material Federal tax consequences of the plans to the debtor, any
> successor to the debtor, and a hypothetical investor typical of the
> holders of claims or interests in the case, that would enable such a
> hypothetical investor of the relevant class to make an informed
> judgment about the plan . . . ."

11 U.S.C. § 1125(a)(1).

14.    A proponent's disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by impaired creditors entitled to vote on the plan. See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp., 337 F.3d 314, 321 (3d Cir. 2003). The adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties." In re Copy Crafters Quickprint, Inc., 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988); see also, In re Lisanti Foods, Inc., 329 B.R. 491, 507 (D.N.J. 2005) ("Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis") (internal citation omitted).

15.    A bankruptcy court has broad discretion in examining the adequacy of the information contained in a disclosure statement. See, Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.), 844 F.2d 1142, 1157 (5th Cir. 1988); see also, Dakota Rail, Inc., 104 B.R. 138, 143 (Bankr. D. Minn. 1989) (court has "wide discretion to determine . . . whether a disclosure statement contains adequate information, without burdensome, unnecessary, and cumbersome detail"). Congress granted courts discretion in order to facilitate the effective reorganization of a debtor in the broad range of businesses in which Chapter 11 debtors engage and the broad range of circumstances that accompany Chapter 11 cases. See, H.R. Rep. No. 595, 95th Cong., 1st Sess. 408-09 (1977) ("In reorganization cases, there is frequently great uncertainty. Therefore, the need for flexibility is greatest.") Accordingly, the determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case.

16.    In that regard, courts generally examine whether the disclosure statement contains, if applicable, the following types of information:

(a)     the circumstances that gave rise to the filing of the bankruptcy petition;

(b)     an explanation of the available assets and their value;

(c)     the anticipated future of the debtor;

(d)     the source of the information provided in the disclosure statement;

(e)     a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

(f)     the condition and performance of the debtor while in Chapter 11;

(g)     information regarding claims against the estate;

(h)     a liquidation analysis setting forth the estimated return that creditors would receive under Chapter 7;

(i)     the accounting and valuation methods used to produce the financial information in the disclosure statement;

(j)     information regarding the future management of the debtor;

(k)     a summary of the plan of reorganization or liquidation;

(l)     an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

(m)     the collectability of any accounts receivable;

(n)     any financial information, valuations or *pro forma* projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

(o)     information relevant to the risks being taken by the creditors and interest holders;

(p)     the actual or projected value that can be obtained from avoidable transfers;

(q)     the existence, likelihood and possible success of non-bankruptcy litigation;

(r)     the tax consequences of the plan; and

(s)     the relationship of the debtor with its affiliates.

See, e.g., In re Scioto Valley Mortgage Co., 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988). This list is not meant to be comprehensive. Neither must a debtor provide all the information on the list; rather, the court must decide what is appropriate in each case. See, In re Ferretti, 128 B.R. 16, 18-19 (Bankr. D.N.H. 1991) (adopting similar list); see also, In re Phoenix Petroleum Co., 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) (cautioning that "no one list of categories will apply in every case").

17.     The Debtor submits that the Disclosure Statement contains all or substantially all information typically considered by bankruptcy courts and provides "adequate information" as required pursuant to section 1125 of the Bankruptcy Code, to enable holders of impaired claims that are entitled to vote to accept or reject the Plan to make an informed judgment about the Plan. Specifically, the Disclosure Statement contains information with respect to the applicable subject matters identified above, including, but not limited to, (a) the Plan, (b) the operation of the Debtor's business, (c) a valuation of the Debtor's assets, (d) a liquidation analysis, (e) the sources of information provided, (f) claims against the Debtor's estate, (g) the Debtor's indebtedness, (h) significant events leading to the filing of the Debtor's Chapter 11 case, (i) the administration of the Debtor's estates following confirmation of the Plan, (j) risk factors attendant to the Plan and (k) appropriate disclaimers.

**B.     Approval of Form and Manner of Notice of the Disclosure Statement Hearing**

18.     Rule 2002(b) requires "[e]xcept as provided in subdivision (l) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors, and indenture trustees not less than 28 days notice by mail of the time fixed (1) for filing objections and the hearing to consider approval of a disclosure statement . . . ." Fed. R. Bankr. P. 2002(b).  Contemporaneously herewith, in compliance with Bankruptcy Rule 2002(b),

the Debtor is mailing a notice, stating that the Disclosure Statement Hearing is set for March 5,

2012 at 9:30 a.m. (prevailing Central Time), in the form attached hereto as Exhibit 3 (the

"Disclosure Statement Hearing Notice"), to the Debtor's creditor matrix, including: (a) the U.S.

Trustee; (b) all known creditors, including all persons or entities listed on the Debtor's

Schedules, and all known contract counterparties, as listed on the Debtor's creditor matrix filed

with the Bankruptcy Court; and (c) all parties that have, pursuant to Bankruptcy Rule 2002,

formally appeared or requested service in this Chapter 11 Case.

19.    The Disclosure Statement Hearing Notice sets forth February 22, 2012 at 5:00

p.m. (prevailing Central Time) as the Debtor's proposed last date and time to file and serve

written objections to the Disclosure Statement (the "Disclosure Statement Objection Deadline").

The Debtor further submits that the form and manner of notice of the Disclosure Statement

Hearing as described above is sufficient, and thus requests that the Court approve the form and

manner of notice used by the Debtor pursuant to Bankruptcy Rules 2002 and 3017.

### PROPOSED SOLICITATION PROCEDURES SHOULD BE APPROVED

**A.    Distribution of Solicitation Packages and Notices**

(i)    Voting Classes

20.    Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders

of claims and equity interests for the purpose of soliciting their votes and providing adequate

notice of the hearing on confirmation of a plan of reorganization. Specifically, Bankruptcy

Rule 3017(d) provides, in relevant part:

> Upon approval of a disclosure statement, -- except to the extent that the
> court orders otherwise with respect to one or more unimpaired classes of
> creditors or equity security holders -- the debtor in possession, trustee,
> proponent of the plan, or clerk as the court orders shall mail to all
> creditors and equity security holders, and in a Chapter 11 reorganization
> case shall transmit to the United States trustee,

(a)     the plan or a court-approved summary of the plan;

(b)     the disclosure statement approved by the court;

(c)     notice of the time within which acceptances and rejections of the plan may be filed; and

(d)     any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

21.     Under the Plan, holders of allowed claims in Class 1, Class 3 and Class 4 are impaired and entitled to vote to accept or reject the Plan. The Debtor proposes to distribute, on or before the third business day after entry of the Disclosure Statement Order (the "Solicitation Date") approving the Disclosure Statement as containing adequate information required by section 1125 of the Bankruptcy Code to each holder of an allowed claim or interest entitled to vote on the Plan, a solicitation package (each, a "Solicitation Package") containing copies of the following:

(a)     the notice, in substantially the form of Exhibit A-1 attached hereto (the "Confirmation Hearing Notice"),

(b)     the Disclosure Statement (including the annexed Plan, the projections attached as Exhibit B and Disclosure Statement Order (without exhibits)),

(c)     a ballot to accept or reject the Plan, in substantially the form of the appropriate ballot corresponding to the class under the Plan of the claimant or interest holder's claim or interest, as the case may be, set forth in Exhibits B-1, B-2 and B-3 attached hereto (each, a "Ballot"), and

(d)     a return envelope.

The Debtor proposes to distribute the Solicitation Packages to the holders of Allowed Claims in

Class 1, Class 3 and Class 4 as of the record date established by the Court, at the addresses

provided to the Debtor by the respective holders of such claims or their counsel, as the case may

be, or in the alternative, at such address of record contained in the Debtor's books and records

for such creditor.

(ii)     Non-Voting Classes

22.     The holders of Claims or Interests in Class 2 and Class 5 are unimpaired and are

deemed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code.

23.     Consistent with sections 1126(f) and (g) of the Bankruptcy Code and Bankruptcy

Rule 3017(d), the Debtor proposes that Solicitation Packages for holders of Claims against or

Interests in the Debtor placed within a class under the Plan that is deemed to accept or reject the

Plan (as applicable) will not include a Ballot.  The Solicitation Packages for such holders of

claims and equity interests will include only a Notice of Non-Voting Status, substantially in the

form of Exhibit A-2 attached hereto (the "Notice of Non-Voting Status").

24.     The Notice of Non-Voting Status identifies the classes that are presumed to accept

or reject the Plan and sets forth the manner in which a copy of the Plan and Disclosure Statement

may be obtained.  The Debtor submits that the proposed notice and service procedures are fair

and reasonable, are designed to provide creditors and equity holders with adequate notice and,

thus, should be approved.

(iii)     Other Interested Parties

25.     The Debtor proposes to mail, on or before the Solicitation Date, a copy of the

Confirmation Hearing Notice, together with the Disclosure Statement, to (i) the Office of the

United States Trustee for the Northern District of Illinois, (ii) the District Director of the Internal

Revenue Service, (iii) counsel to any statutory committee of unsecured creditors appointed in

this Case and (iv) all parties having filed requests for notices in this Case pursuant to Bankruptcy

Rule 2002.

**B.     Forms of Ballots**

26.     Bankruptcy Rule 3017(d) requires the Debtor to mail a form of ballot, which

substantially conforms to Official Form No. 14, only to "creditors and equity security holders

entitled to vote on the plan." The Debtor proposes to distribute a Ballot to each creditor and

Interest holder entitled to vote. The Ballots are based on Official Form No. 14 and comply with

Bankruptcy Rule 3018(c) but have been modified to address the particular aspects of this Chapter

11 Case and to include certain additional information that the Debtor believes is relevant and

appropriate for each such class of Claims and Interests. The appropriate Ballots will be

distributed to holders of impaired Claims classified in Class 1, Class 3 and Class 4, all of which

are entitled to vote. As noted above, the form of Ballots are attached hereto as Exhibits B-1, B-2

and B-3.

**C.     Establishing Voting Deadline for Receipt of Ballots**

27.     Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure

statement, the court shall fix a time within which the holders of claims or equity security

interests may accept or reject a plan. The Debtor anticipates commencing the solicitation on or

before the proposed Solicitation Date (which is not later than five (5) business day after the entry

of a Disclosure Statement Order). Based on such schedule, the Debtor proposes that in order to

be counted as a vote to accept or reject the Plan, each Ballot must be properly executed,

completed and delivered to Debtor's counsel so that it is actually received by Debtor's counsel

no later than 4:00 p.m. (prevailing Central Time) on the date that is twenty-eight (28) days after

the Solicitation Date (the "Voting Deadline"). The Debtor submits that such solicitation period

is a sufficient period within which creditors can make an informed decision whether to accept or reject the Plan.

**D.      Approval of Procedures for Vote Tabulation**

28.      For purposes of voting on the Plan, with respect to creditors, the Debtor proposes that the amount of a Claim used to tabulate acceptance or rejection of the Plan should be, as applicable:

(a)      The Claim listed in the Debtor's Schedules, provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined or disputed and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law).

(b)      The noncontingent and liquidated amount specified in a proof of claim timely filed with the Court (or otherwise deemed timely filed by the Court under applicable law) to the extent the proof of claim is not the subject of an objection (or, if such claim has been resolved pursuant to a stipulation or order).

(c)      The amount allowed pursuant to the Plan.

(d)      The amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), provided that a motion is brought, notice is provided and a hearing is held prior to the Confirmation Hearing, in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

(e)      With respect to Ballots cast by alleged creditors who have timely filed proofs of claim in wholly unliquidated, unknown or uncertain amounts that are not the subject of an objection filed before the commencement of the Confirmation Hearing, such Ballots shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and solely for voting purposes, such claims shall be deemed to be asserted in the amount of $1.00.

29.      <u>Votes Counted</u>.  Except as otherwise provided herein, the Debtor proposes that any Ballot that is timely received, that contains sufficient information to permit identification of the claimant or Interest holder and that is cast as an acceptance or rejection of the Plan will be

counted and will be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.

30.    <u>Votes Not Counted</u>.  The Debtor further proposes that the following Ballots not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline unless the Debtor granted an extension of the Voting Deadline, in writing, with respect to such Ballot, (ii) any Ballot that is illegible in any material respect or contains insufficient information to permit the identification of the claimant or the claim amount, (iii) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan, (iv) any unsigned Ballot and (v) any properly executed, timely received Ballot that partially rejects and partially accepts the Plan or that does not indicate an acceptance or rejection of the Plan.  The Debtor requests that Debtor's counsel be authorized to, in its discretion, contact voters to cure any defects in the Ballots and be authorized to so cure any defects, provided that Debtor's counsel will contact each such voter's counsel, when known.

31.    <u>Last Ballot Counted</u>.  Notwithstanding Bankruptcy Rule 3018(a), the Debtor proposes that whenever a creditor or Interest holder casts more than one Ballot voting the same Claim or Interest before the Voting Deadline, the last Ballot received before the Voting Deadline be deemed to reflect the voter's intent and thus to supersede any prior Ballots, without prejudice to the Debtor's right to object to the validity of the second Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the first Ballot for all purposes. This procedure of counting the last Ballot is consistent with practice under various state and federal corporate and securities laws.  Moreover, it will spare the Court

and the Debtor the time and expense of responding to motions brought pursuant to Bankruptcy

Rule 3018(a) attempting to show cause for changing votes.

32.     <u>No Vote-Splitting; Effect</u>.  The Debtor proposes that creditors or Interest holders

must vote all of their Claims within a particular class under the Plan together either to accept or

to reject the Plan and may not split their vote(s), and that any properly executed, timely received

Ballot that partially rejects and partially accepts the Plan not be counted as a vote to accept or

reject the Plan.

33.     <u>Withdrawal of Ballots</u>.  The Debtor proposes to permit any claimant or

Interest holder who has delivered a valid Ballot for the acceptance or rejection of the Plan to

withdraw such acceptance or rejection by delivering a written notice of withdrawal to Debtor's

counsel at any time prior to the Voting Deadline.  A notice of withdrawal, to be valid, should (a)

contain a description of the Claim or Interest to which it relates and, in the case of a Claim, the

aggregate amount represented by such Claim as allowed for voting purposes, be signed by the

withdrawing party in the same manner as the Ballot being withdrawn, contain a certification that

the withdrawing party owns the Claim or Interest and possesses the right to withdraw the vote

sought to be withdrawn, and (d) be received by Debtor's counsel prior to the Voting Deadline.

**ESTABLISHING NOTICE AND OBJECTION
PROCEDURES REGARDING CONFIRMATION OF PLAN**

**A.      Setting Confirmation Hearing and Objection and Reply Deadlines**

34.     Bankruptcy Rule 3017(c) provides:

> On or before approval of the disclosure statement, the court shall
> fix a time within which the holders of claims and interests may
> accept or reject the plan and may fix a date for the hearing on
> confirmation.

Bankruptcy Rules 2002(b) and (d) require, unless otherwise shorted by the Court, not less than

twenty-eight (28) days' notice by mail to all creditors and equity security holders of the time

fixed for filing objections to, and the hearing to consider confirmation of, a Plan.  The

procedures set forth herein are consistent with Rule 3017(c).

35.     In accordance with Bankruptcy Rules 2002(b) and (d) and 3017(c) and in view of

the Debtor's proposed solicitation schedule outlined herein, the Debtor requests that the hearing

to consider confirmation of the Plan (the "Confirmation Hearing") be scheduled for a date that is

not less than five (5) business days after the Voting Deadline, or as soon thereafter as is

convenient to the Court, provided that the Confirmation Hearing may be continued from time to

time by the Court or the Debtor without further notice other than adjournments announced in

open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with the

Court.

36.     Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan

must be filed and served "within a time fixed by the court."  The Debtor requests that the Court

direct that objections to confirmation of the Plan ("Confirmation Objections"), if any, must (i) be

in writing, (ii) state the name and address of the objecting party and the amount and nature of the

claim or interest of such party, (iii) state with particularity the basis and nature of any objection,

and (iv) be filed, together with proof of service, with the Court, and (v) be served so that they are

actually received by the following (collectively, the "Notice Parties"):

| Counsel for the Debtor: | United States Trustee: |
|---|---|
| Neal Wolf & Associates, LLC | United States Trustee (Region 11) |
| 155 N. Wacker Drive, Suite 1910 | 219 South Dearborn Street, Suite 873 |
| Chicago, IL 60606 | Chicago, IL 60604 |
| Attn: Jordan M. Litwin | Attn: Roman L. Sukley |
| 312-228-4976 | 312-886-3324 |

no later than 4:00 p.m. (prevailing Central Time) on the date that is not less than seven (7)

business days prior to the requested date of the Confirmation Hearing. The proposed timing for

service of Confirmation Objections, if any, is consistent with the applicable notice requirements

of Bankruptcy Rule 2002 and will afford the Debtor and other significant parties in interest

sufficient time to consider any objections and file any responses (in accordance with the

following paragraph) while leaving the Court sufficient time to consider any such objections and

responses before the Confirmation Hearing.

37.     The Debtor requests that it be authorized to file and serve responses to any such

Confirmation Objections no later than the date that is two (2) business days prior to the requested

date of the Confirmation Hearing.

38.     The Debtor submits that the proposed schedule for the Confirmation Hearing will

enable the Debtor to pursue consummation of the Plan in a timely fashion.

**B.     Establishing Procedures for Notice of Confirmation Hearing**

39.     In accordance with Bankruptcy Rules 2002 and 3017(d), the Debtor proposes to

distribute a copy of the Confirmation Hearing Notice or the Notice of Non-Voting Status to all

creditors and interest holders.  The Confirmation Hearing Notice sets forth (i) the Voting

Deadline, (ii) the time fixed for filing objections to confirmation of the Plan, (iii) the time, date

and place for the Confirmation Hearing, (iv) the manner in which copies of the Plan and

Proposed Disclosure Statement may be obtained and (v) highlights certain Plan provisions in

accordance with Bankruptcy Rule 2002(c)(3).  The Notice of Non-Voting Status sets forth (i) a

notice of unimpaired or impaired status, as applicable, (ii) the time fixed for filing objections to

confirmation of the Plan, (iii) the time, date and place for the Confirmation Hearing, and (iv) the

manner in which copies of the Plan and Proposed Disclosure Statement may be obtained, and

(v) highlights certain Plan provisions in accordance with Bankruptcy Rule 2002(c)(3).  Such

notices will be sent on or before the Solicitation Date, which is at least twenty days prior to the proposed deadline to file objections to confirmation of the Plan.

## No Previous Request

40.    No previous motion or application for the relief sought herein has been made to this Court or any other court.

## Notice

41.    Notice of this Motion has been given to the following parties, or in lieu thereof, to their counsel, if known: (i) the United States Trustee for the Northern District of Illinois and (ii) all parties who are CM/ECF registrants in this case.  Accordingly, in light of the nature of the relief requested, the Debtor submits that no other or further notice need be given.

*[Remainder of Page Left Intentionally Blank]*

WHEREFORE, the Debtor respectfully requests entry of an Order, substantially in the form attached hereto, (i) approving the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code and the form and manner of the Disclosure Statement Hearing Notice; (ii) establishing a record date for determining the holders of claims entitled to vote on the Plan and approving procedures for the solicitation of votes, including (a) approving solicitation packages and procedures for distribution thereof, (b) approving forms of Ballots, (c) approving notices to non-voting classes under the Plan, (d) establishing a voting deadline for the receipt of Ballots, and (e) approving procedures for vote tabulation; (iii) scheduling a hearing to consider confirmation of the Plan and approving the form and manner of notice thereof and (iv) granting such other and further relief as this Court deems appropriate.

Dated: January 25, 2012

NEAL WOLF & ASSOCIATES, LLC
Neal L. Wolf (ARDC No. 6186361)
Dean C. Gramlich (ARDC No. 6191587)
Jordan M. Litwin (ARDC No. 6287792)
155 N. Wacker Drive, Suite 1910
Chicago, IL 60606
Telephone: (312) 228-4990
Facsimile: (312) 228-4988
Email:     nwolf@nealwolflaw.com
           dgramlich@nealwolflaw.com
           jlitwin@nealwolflaw.com

*Attorneys for the Debtor and Debtor in Possession*