**Exhibit 1**

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ALT Hotel, LLC, | ) Case No. 11-19401 (ABG) |
| | ) |
| Debtor. | ) |
| | ) |

**ORDER (I) APPROVING DISCLOSURE STATEMENT,
(II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES, AND
(III) SCHEDULING HEARING AND ESTABLISHING NOTICE AND
OBJECTION PROCEDURES WITH RESPECT TO CONFIRMATION OF
THE PLAN OF REORGANIZATION UNDER CHAPTER 11
OF THE BANKRUPTCY CODE PROPOSED BY THE DEBTOR**

Upon the Motion, dated January 25, 2012 (the "Motion"[1]) of ALT Hotel, LLC, the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), pursuant to sections 1125, 1126 and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and Rule 3016 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Illinois (as amended, the "Local Rules"), for entry of an order (i) approving the Debtor's Disclosure Statement dated January 25, 2012 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement"); establishing a record date for determining the holders of Claims entitled to vote on the Plan of Reorganization Under Chapter 11 of the Bankruptcy Code Proposed by the Debtor (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") and approving procedures for the solicitation of votes, including (a) approving solicitation packages

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

00002523.DOCX V-3

and procedures for distribution thereof, (b) approving forms of ballots, (c) approving notices to non-voting classes under the Plan, (d) establishing a voting deadline for the receipt of ballots and (e) approving procedures for vote tabulation; and scheduling a hearing to consider confirmation of the Plan and approving the form and manner of notice thereof, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtor, its creditors and all other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore:

**IT IS HEREBY FOUND THAT:**

A.    The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

B.    The Disclosure Statement complies with Bankruptcy Rule 3017.

C.    The Disclosure Statement Hearing Notice complies with Bankruptcy Rules 2002 and 3017.

D.    The forms of the ballots for voting to accept or reject the Plan attached to the Motion as Exhibits B-1, B-2 and B-3 (the "Ballots") are sufficiently consistent with Official Form No. 14 and adequately address the particular needs of this case and are

appropriate for each class of Claims or Interests entitled under the Plan to vote to accept or reject the Plan.

E.  Ballots need not be provided to the holders of claims in Class 2 (Other Secured Claims) and Class 5 (Interests of Equity Holders); such classes are not entitled to vote on the Plan because such classes are unimpaired under the Plan and presumed to accept the Plan.

F.  The period, set forth below, during which the Debtor may solicit acceptances or rejections of the Plan is a reasonable and adequate period of time for creditors and interest holders entitled to vote on the Plan to make an informed decision whether to accept or reject the Plan.

G.  The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with the requirements of the Bankruptcy Code and the Bankruptcy Rules.

H.  The procedures set forth below for providing notice to all creditors, Interest holders, and other parties in interest of the time, date, and place of the hearing to consider, and the deadline for filing objections to, confirmation of the Plan (the "Confirmation Hearing") and the distribution and contents of the Solicitation Packages (as defined below) comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  The Motion is granted to the extent provided herein.

2. The Disclosure Statement is approved.

3. All objections to the Disclosure Statement not otherwise withdrawn or resolved by this Order are hereby overruled.

4. The Disclosure Statement Hearing Notice is approved.

5. The Ballots are approved.

6. The record date for purposes of determining creditors entitled to vote on the Plan is _____, 2012 (the "Record Date").

7. Holders of Claims in Class 1, Class 3 and Class 4 (together, the "Voting Classes") as of the Record Date are entitled to vote to accept or reject the Plan.

8. On or before _____, 2012 (the "Solicitation Date"), the Debtor shall distribute to each holder of Claims in the Voting Classes a solicitation package (each, a "Solicitation Package") containing copies of (i) the Confirmation Hearing Notice, substantially in the form attached to the Motion as Exhibit A-1, which form is hereby approved, (ii) the Disclosure Statement (including a copy of this Order and the Plan) and (iii) a Ballot and a return envelope.

9. On or before the Solicitation Date, the Debtor shall distribute a notice of non-voting status (the "Notice of Non-Voting Status"), substantially in the form attached to the Motion as Exhibit A-2, which form is hereby approved, to all known holders of Claims, as of the Record Date, in Class 2 and Class 5, which classes are not entitled to vote under the Plan.

10. The Notice of Non-Voting Status satisfies the requirements of the Bankruptcy Code and the Bankruptcy Rules and therefore the Debtor is not required to distribute copies of the Plan, Disclosure Statement or any Solicitation Package to any holder

of a Claim under the Plan in Class 2 and Class 5, unless such party makes a request of the Debtor therefor.

11. All Ballots shall be properly executed, completed, and delivered with original signatures to counsel for the Debtor ("Debtor's Counsel") so that they are received by Debtor's Counsel no later than 4:00 p.m. (prevailing Eastern Time) on _____, 2012 (the "Voting Deadline").

12. Except as otherwise provided herein, any Ballot that is timely received, that contains sufficient information to permit identification of the claimant or Interest holder and that is cast as an acceptance or rejection of the Plan will be counted and will be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.

13. The following Ballots will not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline unless the Debtor granted an extension, in writing, of the Voting Deadline with respect to such Ballot, (ii) any Ballot that is illegible in any material respect or contains insufficient information to permit the identification of the claimant or the Claim amount, (iii) any Ballot cast by a person or entity that does not hold a Claim in a class that is entitled to vote to accept or reject the Plan, (iv) any unsigned Ballot, (v) any Ballot transmitted to Debtor's Counsel that does not contain an original signature and (vi) any properly executed, timely received Ballot that partially rejects and partially accepts the Plan or that does not indicate an acceptance or rejection of the Plan.

14. Debtor's Counsel is authorized to, in its discretion, contact voters, or, where possible, their respective counsel to cure any defects in the Ballots and is authorized to so cure any defects.

15. Notwithstanding Bankruptcy Rule 3018(a), whenever a creditor or Interest holder casts more than one Ballot voting the same Claim or Interest before the Voting Deadline, the last Ballot received before the Voting Deadline will deemed to reflect the voter's intent and thus to supersede any prior Ballots, without prejudice to the Debtor's right to object to the validity of the second, or any subsequent, Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the first Ballot for all purposes.

16. Creditors or Interest holders must vote all of their Claims or Interests within a particular class under the Plan together either to accept or to reject the Plan and may not split their vote(s), and that any properly executed, timely received Ballot that partially rejects and partially accepts the Plan not be counted as a vote to accept or reject the Plan

17. Any claimant or Interest holder who has delivered a valid Ballot for the acceptance or rejection of the Plan shall be permitted to withdraw such acceptance or rejection by delivering a written notice of withdrawal to Debtor's Counsel at any time prior to the Voting Deadline; provided, however, that a notice of withdrawal, to be valid, shall (a) contain a description of the Claim or Interest to which it relates and, in the case of a Claim, the aggregate amount represented by such Claim as allowed for voting purposes, (b) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (c) contain a certification that the withdrawing party owns the Claim or Interest and possesses the right to withdraw the vote sought to be withdrawn, and (d) be received by Debtor's Counsel prior to the Voting Deadline.

18. The Confirmation Hearing shall be held at __:__ _.m. (prevailing Central Time) on _____, 2012, or as soon thereafter as counsel may be heard; provided, however, that the Confirmation Hearing may be continued from time to time by the Court or the Debtor without further notice other than announcement of such adjournments in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.

19. The Confirmation Hearing Notice and the Notice of Non-Voting Status are hereby approved and deemed adequate and sufficient notice of the Confirmation Hearing in accordance with Bankruptcy Rule 2002.

20. Any objections to confirmation of the Plan shall (i) be in writing, (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party, (iii) state with particularity the basis and nature of any objection and (iv) be filed, together with proof of service, with the Court, and be served so that they are actually filed and received no later than 4:00 p.m. (prevailing Central Time) on _____, 2012 by the following parties:

Counsel for the Debtor:
Neal Wolf & Associates, LLC
155 N. Wacker Drive, Suite 1910
Chicago, IL 60606
Attn: Jordan M. Litwin

United States Trustee:
United States Trustee (Region 11)
219 South Dearborn Street, Suite 873
Chicago, IL 60604
Attn: Roman L. Sukley

21. Objections to confirmation of the Plan that are not timely filed, served and actually received in the manner set forth above may not be considered by the Court and may be deemed overruled.

22. The Debtor is authorized, in its sole discretion, to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted

in this Order without seeking further order of the Court unless such action materially impacts the rights and obligations of parties under the Plan and/or the Disclosure Statement.

23. The Debtor is authorized to make non-substantive changes to the Disclosure Statement and/or the Plan without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Package prior to their mailing.

24. All notices to be provided pursuant to the procedures set forth herein are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing and no other or further notice need be provided.

25. The Debtor is hereby authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

26. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.


Dated: _____, 2012


_____
United States Bankruptcy Judge