UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALT HOTEL, LLC, | ) | No. 11 B 19401 |
| | ) | |
| Debtor. | ) | Judge Goldgar |

### AMENDED FINAL PRETRIAL ORDER

This matter is set for hearing at the United States Courthouse, 219 South Dearborn Street, Courtroom 613, Chicago, Illinois, on July 23, 2012, at 10:30 a.m. on confirmation of the plan of reorganization of debtor ALT Hotel (Dkt. No. 154). At the court's discretion, the hearing will continue from day to day until completed. Unless modified by the court, the following provisions will govern the course of proceedings in this case:

**1. Continuances.** The hearing date is firm and will be the hearing date regardless of any amended plan the debtor files. No continuance of the hearing date will be granted other than for exceptionally good cause shown. Any motion for continuance must be presented, with proper notice, at least fourteen (14) days before the hearing date.

**2. Discovery.** Final discovery cut-off is July 12, 2012. All discovery, whether expert or fact discovery, must be completed by that date.

**3. Exhibits and Exhibit Lists.** On or before July 9, 2012, the parties must exchange copies of all exhibits to be introduced into evidence. Each proposed exhibit must be clearly numbered (not designated with a letter or other symbol) in the order of its probable presentation at the hearing. Each document must be given a separate exhibit number.

In addition to the exhibits, the parties must exchange a list of the numbered exhibits. Next to each exhibit a brief description of each exhibit must be provided.

Demonstrative exhibits that the parties intend to use at the hearing must also be marked, included on the exhibit lists, and exchanged on or before July 9, 2012.

The exhibit list must be filed with the court, and one (1) set of the exhibits and one (1) copy of the exhibit list must be submitted to chambers on the date the

list is filed. *If a party lists more than ten (10) exhibits, the exhibits themselves must be submitted in one or more three-ring binders, and the exhibits must be tabbed. Group exhibits must be sequentially paginated by Bates stamp or some comparable method.*

If no written objection to an exhibit is filed with the court and tendered to the proponent on or before July 13, 2012, the exhibit will be deemed admitted into evidence. A specific ground must be stated for each objection or the objection will be deemed waived. Demonstrative exhibits will be deemed admitted "as "demonstrative only."

4. **Witnesses and Witness Lists.** On or before July 9, 2012, all parties must exchange and file with the court a list of all witnesses they intend to call at the hearing, together with a brief description of the subject matter of the witness's testimony.

One (1) copy of the witness list must be submitted to chambers on the filing date.

5. **Deposition Designations and Objections.** Designations of deposition testimony to be read into evidence are due on or before July 16, 2012. The parties must exchange and submit to chambers (but need not file) (1) a list of the depositions, designating by page and line number the portions to be read, and (2) complete copies of the depositions to be read with the designations made in yellow. Objections to the designations are due on or before July 18, 2012.

6. **Objections and Responses.** Objections to plan confirmation are due no later than June 25, 2012. The debtor's response to any objections is due no later than July 9, 2012. The page limit for objections is fifteen (15) pages. The page limit for the response is thirty (30) pages.

7. **Compliance with this Order.** Failure to comply with this Order *will* result in the imposition of appropriate sanctions pursuant to Rule 16(f), Fed. R. Civ. P. 16(f) (made applicable by Fed. R. Bankr. R. Rule 7016). These include, but are not limited to, the following:

a. Any exhibit not listed and exchanged in accordance with this Order will not be admitted into evidence. A party who fails to exchange and file the list of exhibits that this Order requires will be precluded from introducing any exhibits into evidence. *In re Maurice*, 21 F.3d 767 (7th Cir. 1994).

b. Any witness not identified and listed in accordance with this Order will be barred from testifying at the hearing. A party who fails to exchange and file with the court the list of witnesses that this Order

       requires will be barred from presenting any witnesses. *In re Maurice,* 21 F.3d 767 (7th Cir. 1994).

c.    Any legal claim, theory or argument not raised and thoroughly discussed in a party's objection to confirmation or the response, with appropriate citations to legal authority, will be deemed waived. The claim will not be considered, and no evidence relevant to it will be admitted. *SNA Nut Co. v. Haagen-Dazs Co.,* 302 F.3d 725 (7th Cir. 2002).

d.    Only parties who file written objections in accordance with this Order will be permitted to present evidence or arguments at the hearing. Failure to file an objection will bar a party from presenting any witnesses or introducing any evidence and will be deemed a waiver of all objections to confirmation. *In re Maurice,* 21 F.3d 767 (7th Cir. 1994).

Dated: June 27, 2012

                                                    A. Benjamin Goldgar
                                                    United States Bankruptcy Judge