**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ALT Hotel, LLC, | ) ) ) | Case No. 11-19401 (ABG) |
| Debtor. | ) ) ) | **Hearing Date: October 29, 2012**<br>**Hearing Time: 10:30 a.m.** |

**MODIFIED SECOND AMENDED PLAN OF REORGANIZATION UNDER**
**CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED BY THE DEBTOR**

ALT HOTEL, LLC ("Debtor"), the debtor and debtor in possession in the above-captioned Chapter 11 case, files the following Modified Second Amended Plan of Reorganization pursuant to Chapter 11 of the United States Bankruptcy Code:

## ARTICLE I

## DISCLOSURE STATEMENT

The Debtor has filed a Disclosure Statement pursuant to 11 U.S.C. § 1125 and Bankruptcy Rule 3016(c) (the "Disclosure Statement"). The Disclosure Statement was approved by the Bankruptcy Court on April 9, 2012. The Disclosure Statement provides information that the Bankruptcy Court has determined to be adequate to enable holders of claims and interests to make informed judgments about the Plan. PLEASE READ THE DISCLOSURE STATEMENT WITH CARE.

## ARTICLE II

## DEFINITION OF TERMS

**A.      Definitions**

A term or word that is used in this Plan and that is not defined below, but that is defined in the Bankruptcy Code, shall have the meaning that is ascribed to it in the Bankruptcy Code and shall be construed in accordance with section 102 of the Bankruptcy Code. When used in this Plan, the following terms, when they are capitalized as set forth below, shall have the meanings that are specified below, unless the Plan otherwise indicates or unless the context otherwise requires:

> 1. Administrative Expense Claim: a Claim that, if allowed, would be entitled to priority under section 503(b) of the Bankruptcy Code, including (a) a claim that is incurred by the Debtor on or after the Petition Date; (b) a Claim of a Professional Person under sections 330 and 331 of the Bankruptcy Code and

Bankruptcy Rule 2016; and (c) any and all fees and charges that are assessed against the Estate under 28 U.S.C. § 1930.

2. Affiliate Claim:  a claim held or asserted by an affiliate of the Debtor, as "affiliate" is defined in section 101(2) of the Bankruptcy Code.

3. Allowed Claim:  any Claim that

   (a) has been listed in the Schedules and is not described as disputed, contingent, or unliquidated;

   (b) has been listed and described in the Schedules as a disputed, contingent, or unliquidated Claim, but only to the extent that the validity and amount of the Claim has been approved by Final Order of the Bankruptcy Court; or

   (c) is presently or later becomes subject to an objection, and is subsequently allowed, but only in such amount as is allowed by a Final Order of the Bankruptcy Court.

4. Amended and Restated Cash Management Agreement:  that certain Amended and Restated Cash Management Agreement, which shall be filed with the Court on or before the Effective Date, between the Debtor and the Secured Lender, as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time.

5. Amended and Restated Guaranty:  that certain Amended and Restated Guaranty between the Secured Lender and PS CDO Manager, LLC, attached hereto as Exhibit 1.

6. Amended and Restated Loan Agreement:  that certain Amended and Restated Loan Agreement between the Debtor and the Secured Lender attached hereto as Exhibit 1.

7. Amended and Restated Loan Documents:  to the extent appropriate to effectuate the terms of this Plan: the Amended and Restated Cash Management Agreement, the Amended and Restated LockBox Agreement, the Amended and Restated Guaranty, Amended and Restated Loan Agreement, Amended and Restated Mortgage, Amended and Restated Promissory Note, Amended and Restated Security Agreement, and any other agreement or instrument that must reasonably be drafted and executed to memorialize and give effect to the provisions of the Amended and Restated Loan Agreement and the Plan insofar as such provisions relate to the treatment of the Secured Lender under the Plan.

8. Amended and Restated Lockbox Agreement:  that certain Amended and Restated Lockbox Agreement, which shall be filed with the Court on or before the Effective Date, by and among the Debtor, an eligible bank and the Secured

Lender, as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time.

9. <u>Amended and Restated Mortgage</u>:  that certain Amended and Restated Mortgage which shall be filed with the Court on or before the Effective Date, as the same may subsequently be amended or modified pursuant to the agreement of the Debtor and the Secured Lender.

10. <u>Amended and Restated Promissory Note</u>:  that certain Amended and Restated Promissory Note which shall be filed with the Court on or before the Effective Date, as the same may subsequently be amended or modified pursuant to the agreement of the Debtor and the Secured Lender.

11. <u>Amended and Restated Security Agreement</u>:  that certain Amended and Restated Security Agreement which shall be filed with the Court on or before the Effective Date, as the same may subsequently be amended or modified pursuant to the agreement of the Debtor and the Secured Lender.

12. <u>Bankruptcy Code</u>:  Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.*, as it is in effect upon the Petition Date, together with all amendments thereto that are applicable to this Chapter 11 Case.

13. <u>Bankruptcy Court or Court</u>:  the United States Bankruptcy Court for the Northern District of Illinois (Eastern Division) or, if either the reference of this Chapter 11 Case is withdrawn by the United States District Court or venue of this Chapter 11 Case is transferred, the United States District Court for the Northern District of Illinois or such other court of competent jurisdiction that exercises jurisdiction over the Chapter 11 Case.

14. <u>Bankruptcy Rules</u>:  the Federal Rules of Bankruptcy Procedure and the local rules of the Bankruptcy Court that are in effect on the Petition Date, together with all amendments thereto that are applicable to the Chapter 11 Case.

15. <u>Business Day</u>:  any day, except a Saturday, a Sunday, or a "legal holiday," as defined in Bankruptcy Rule 9006(a).

16. <u>Chapter 11 Case</u>:  the Chapter 11 case pending before the Bankruptcy Court that was commenced by the Debtor on the Petition Date and is designated Case No. 11-19401.

17. <u>Claim</u>:  a claim, as defined in section 101(5) of the Bankruptcy Code.

18. <u>Claims Bar Date</u>: December 16, 2011.

19. <u>Class</u>:  a class of Claims or Interests, as defined in Article III of this Plan.

20. <u>Confirmation</u>:  the entry of the Confirmation Order by the Bankruptcy Court.

21. <u>Confirmation Order</u>:  the order that is entered by the Bankruptcy Court confirming the Plan.

22. <u>Contract Litigation</u>:  The adversary proceeding that is captioned *ALT Hotel, LLC, et al. v. DiamondRock Allerton Owner, LLC*, is designated Adv. No. 11-01469, and is currently pending in the Bankruptcy Court.

23. <u>Debtor</u>:  ALT Hotel, LLC, whether acting as the debtor in possession or as the Reorganized Debtor.

24. <u>DIP Loan</u>:  the Post-Petition loan that was to be made by the Secured Lender to the Debtor pursuant to section 364 of the Bankruptcy Code.

25. <u>Disputed Claim</u>:  a Claim that is represented by a Proof of Claim as to which an objection has been filed by any party in interest, or a Claim that is described in the Debtor's schedules as disputed, unliquidated, or contingent.

26. <u>Effective Date</u>:  the first Business Day following the satisfaction of the conditions described in Section VII(D) of the Plan, but no later than January 18, 2013, except as described in Section VII(D) of the Plan.

27. <u>Equity Holder</u>:  Hotel Allerton Mezz, LLC, the sole member of, and sole holder of an Interest in, the Debtor.

28. <u>Estate</u>:  the estate that was created upon the commencement of the Chapter 11 Case pursuant to section 541 of the Bankruptcy Code.

29. <u>Existing Loan Documents</u>: the Senior Loan Agreement, Guaranty, and all other documents made and entered into by the Debtor, the lenders, and their successors and assigns to evidence, govern, or secure the Senior Loan.

30. <u>Final Order</u>:  an order or judgment of the Bankruptcy Court (or any alteration, modification or amendment thereto), the implementation, operation, or effect of which has not been stayed and as to which the time to appeal or seek review, rehearing or issuance of a *writ of certiorari* has expired, and as to which no appeal or petition for review, reconsideration, rehearing or issuance of *writ of certiorari* has been taken or is still pending.

31. <u>Foreclosure Proceeding</u>:  the foreclosure lawsuit that is captioned *DiamondRock Allerton Owner, LLC v. Alt Hotel, LLC*, is designated Case No. 10 CH 18859 (Atkins, J.), and is currently pending (although stayed under section 362 of the Bankruptcy Code) in the Circuit Court of Cook County, Illinois, Chancery Division.

32. <u>General Unsecured Claims</u>:  all Unsecured Claims, other than any Unclassified Claims, any Administrative Expense Claims, any Priority Tax Claims, or any claims other than Administrative Expense Claims that are otherwise entitled to priority under section 507 of the Bankruptcy Code.

33. <u>Governmental Unit</u>:  any governmental unit, agency, or entity that is the holder of a Claim that is not a Secured Claim and that is otherwise entitled to treatment as a Priority Claim pursuant to section 507(a)(8) of the Bankruptcy Code.

34. <u>Guaranty</u>:  that certain Guaranty Agreement that was dated as of October 1, 2010, executed by PS CDO Manager, LLC, and given to the Secured Lender.

35. <u>Guaranty Litigation</u>:   the lawsuit that is captioned *DiamondRock Allerton Owner, LLC v. PS CDO Manager, LLC*, is designated Index No. 652224/2011, and is currently pending in the Supreme Court of the State of New York, County of New York.

36. <u>Hotel</u>:  the Allerton Hotel, an operating hotel that is owned by the Debtor and located at 701 North Michigan Avenue, Chicago, Illinois.

37. <u>Interest</u>:  the membership interest of the Equity Holder in the Debtor, which constitutes the sole membership interest in the Debtor.

38. <u>Lockbox Cash</u>: all cash held in the lockbox account and/or cash management account maintained by KeyBank as servicer pursuant to the Existing Loan Documents on the Effective Date.

39. <u>Management Agreement</u>:  that certain Hotel Management Agreement dated November 9, 2006 between the Debtor and Manager, or such other replacement agreement for the management of the business operations of the Hotel into which the Debtor shall enter in accordance with the Amended and Restated Loan Documents.

40. <u>Manager</u>:  Kokua Hospitality, LLC, the current manager of the Hotel pursuant to the Management Agreement or such other manager of the Hotel as shall be selected by the Debtor in accordance with the Amended and Restated Loan Documents.

41. <u>Notice and Hearing</u>:  legal proceedings in the Bankruptcy Court as described in section 102(1) of the Bankruptcy Code.

42. <u>Petition Date</u>: May 5, 2011, the date upon which the Debtor commenced this Chapter 11 Case.

43. <u>Plan</u>:  this Modified Second Amended Plan of Reorganization, as it may be amended or modified from time to time either by the filing of a further amended Plan by the Debtor or pursuant to an order of the Bankruptcy Court.

44. <u>Post-Petition</u>:  occurring after the Petition Date.

45. <u>Principal Paydown</u>: $5,000,000 as partial payment of the Allowed Secured Claim of the Secured Lender.

46. Priority Tax and Duty Claims:  Allowed unsecured claims of governmental units which are entitled to priority under section 507(a)(8) of the Bankruptcy Code.

47. Professional Persons:  any and all Persons that have been employed and/or that are to be compensated or reimbursed pursuant to any of sections 326, 327, 328, 330 or 1103 of the Bankruptcy Code.

48. Pro Rata:  proportionally, so that the ratio of the amount that is distributed on account of a particular Allowed Claim to the amount of such Allowed Claim is the same as the ratio of the amount distributed on account of all Allowed Claims in the Class of which such particular Allowed Claim is a member to the aggregate amount of all Allowed Claims in such Class.

49. Reorganized Debtor:  following the Effective Date, the Debtor as reorganized pursuant to the Plan.

50. Schedules:  the schedules, statement of financial affairs, and lists filed by the Debtor on and after the Petition Date pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, as amended.

51. Secured Claim:  a Claim that is a secured by a duly-perfected mortgage, security interest, or lien against property of the Debtor and that is quantified in accordance with section 506(a) of the Bankruptcy Code.

52. Secured Lender:  DiamondRock Allerton Owner, LLC.

53. Senior Loan:  $79,000,000 loan obtained by the Debtor in November 2006 pursuant to the Senior Loan Agreement.

54. Senior Loan Agreement:  the Loan Agreement dated as of November 9, 2006 by and between the Debtor and Column Financial, Inc. (as amended on March 21, 2007 by the First Amendment to Loan Agreement, and further amended on November 6, 2009 by the Second Amendment to Loan Agreement.

55. Seasonality Reserve: the reserve created on the Effective Date pursuant to the Amended and Restated Loan Agreement which shall be available to cover shortfalls in cash flow available to pay operating expenses, interest and certain reserves in any given month following the Effective Date.

B.         **Rules of Interpretation.**

The rules of construction set forth in section 102 of the Bankruptcy Code shall apply to the Plan.

# ARTICLE III

## CLASSIFICATION OF CLAIMS AND INTERESTS

1. <u>Unclassified Claims</u>:  Administrative Expense Claims and Priority Tax and Duty Claims.

2. <u>Class 1</u>:  the Secured Claim of the Secured Lender, the amount of which is in dispute.

3. <u>Class 2</u>:  any Secured Claim other than the Class 1 Claim of the Secured Lender including, but not limited to, the claim of any "lessor" under a "financing lease" or "capital lease."

4. <u>Class 3</u>:  General Unsecured Claims.

5. <u>Class 4</u>:  the Interest of the Equity Holder.

# ARTICLE IV

## TREATMENT OF UNCLASSIFIED CLAIMS AND CLASSES OF CLAIMS AND INTERESTS UNDER THE PLAN

A.  **Unclassified Claims**

1. <u>Administrative Expense Claims</u>.  Pursuant to section 1129(a)(9)(A) of the Bankruptcy Code, each Allowed Administrative Expense Claim, with the exception of each Administrative Expense Claim of a Professional Person, shall be paid in full on or before the Effective Date or pursuant to terms that are otherwise agreed to by the Debtor and the holder of such claim.  Each Administrative Expense Claim of a Professional Person shall be paid in full within fourteen (14) days after the entry of a Final Order by the Bankruptcy Court allowing the application for compensation and reimbursement of such Professional Person.  Professional Persons shall file their final fee and expense applications no later than ten (10) business days following the entry of the Confirmation Order.

2. <u>Priority Tax and Duty Claims</u>.  Pursuant to section 1129(a)(9)(C) of the Bankruptcy Code, each Allowed Priority Tax and Duty Claim shall be paid in full on or before the Effective Date or pursuant to terms that are otherwise agreed to by the Debtor and the holder of such Claim.

B.  **Classified Claims and Interests**

1. <u>Class 1</u>:  Secured Claim of Secured Lender.

The Class 1 Secured Claim of the Secured Lender, which is impaired under the Plan, shall be treated as follows:

EAST\52637125.7                                         7

(a) The Secured Lender will retain all of its liens and security interests in property of the Debtor, which liens and security interests will have the same priority and validity as the pre-petition liens and security interests of the Secured Lender

(b) The amount of the Allowed Secured Claim of the Secured Lender shall be $71,000,000. After the Principal Paydown to be made on the Effective Date, the principal balance of the Secured Claim of the Secured Lender shall be in the amount of $66,000,000 under the Amended and Restated Loan Agreement ("New Principal Balance"). All interest and/or adequate protection payments made to Secured Lender during the pendency of the Debtor's bankruptcy case shall be deemed valid interest payments and thus, shall not be applied to reduce the amount of the Allowed Secured Claim of the Secured Lender.

(c) The New Principal Balance will bear interest at the rate of 5.5% percent per annum ("New Interest Rate"), which interest will be payable to the Secured Lender monthly, for a period of forty-eight (48) months from the Effective Date. ("Secured Loan Payment Commencement Date") provided that the Borrower may elect to extend the term by one year if (i) Borrower pays an extension fee equal to one percent (1%) of the principal balance on the date of the extension, and (ii) the property shall have achieved a minimum Debt Service Coverage Ratio of 1.20x for the twelve (12) months preceding the extension date based solely upon interest only payments and no amortization.

(d) All other terms and conditions relating to the treatment of the Allowed Secured Claim of the Secured Lender shall be set forth in the Amended and Restated Loan Documents, which shall be executed, delivered, and (where appropriate) recorded in order to memorialize and give effect to the provisions of the Plan insofar as such provisions relate to the treatment of the Secured Lender under the Plan.

(e) Upon the entry of the Confirmation Order, the Contract Litigation, Foreclosure Proceeding and the Guaranty Litigation shall each either be dismissed with prejudice, or the Debtor and the Secured Lender will take such action as is necessary to dismiss with prejudice such litigation and proceedings. All claims asserted therein shall be released and deemed satisfied, provided, however, that upon the Effective Date, the Guaranty will be replaced and superseded by the Amended and Restated Guaranty.

  2. <u>Class 2</u>:  Other Secured Claims

These Claims, if any, are unimpaired under the Plan.  Each holder of an Allowed Other Secured Claim, if any, shall retain, unaltered, the legal, equitable and contractual rights (including any liens that secure such Claim) to which such Claim entitles each such holder and such Allowed Other Secured Claim, if any, shall be reinstated as of the Effective Date.

  3. <u>Class 3</u>:  General Unsecured Claims.

These Claims are impaired under the Plan.  Each holder of an Allowed General Unsecured Claim shall receive fifty percent (50%) of the amount of such holder's Allowed General Unsecured Claim on the Effective Date and fifty percent (50%) of the balance of such holder's Allowed General Unsecured Claim, together with interest computed at the rate of five percent (5%) per annum, one hundred eighty (180) days after the Effective Date.

  4. <u>Class 4</u>:  Interest of Equity Holder.

The Interest of the Equity Holder is unimpaired.

**C.**   **Impairment of Classes and Interest.**

The Claims and/or Interests comprising Classes 1 and 3 are impaired under the Plan (each, an "Impaired Class").  Pursuant to the provisions of section 1129(b) of the Bankruptcy Code, in the event an Impaired Class does not accept the Plan, the Debtor requests that the Court enter an order confirming the Plan without the acceptance of such Impaired Class pursuant to section 1129(b) of the Bankruptcy Code.  All holders of Claims in Class 2, if any, and the holder of the Class 4 Interest, are deemed to have accepted the Plan.

# ARTICLE V

# CLAIMS OBJECTIONS AND TREATMENT OF DISPUTED CLAIMS

**A.**   **Administration of Claims**

Each Claim shall be allowed or disallowed, as the case may be, in such amount as the Court shall determine, whether prior to or following Confirmation, and whether pursuant to this Plan or otherwise, upon such notice as the Bankruptcy Court or Bankruptcy Rules shall permit, except that (i) after the Effective Date, the Reorganized Debtor may settle or compromise any controversies regarding Claims without notice or further order of the Court and (ii) pursuant to section 502(d) of the Bankruptcy Code, any Claims held by any entities from which property is recoverable under sections 542, 543, 550 or 553 of the Bankruptcy Code, or that are transferees of transfers that are avoidable under sections 544, 545, 547, 548 or 549 of the Bankruptcy Code, are deemed disallowed and the holders thereof may not vote to accept or to reject the Plan unless such entities or transferees have paid the amount, or turned over any such property, for which such entities or transferees are liable under section 542, 550 or 553 of the Bankruptcy Code.

B.        **Claims Assigned to Reorganized Debtor.**

On the Effective Date, the Debtor shall be deemed to have assigned to the Reorganized Debtor, and the Reorganized Debtor shall be deemed to have acquired and become the successor to, all causes of action, claims, lawsuits, defenses, counterclaims and setoffs, whether equitable or legal, available to the Debtor as of the Effective Date, including all claims of the Debtor for relief against any other person existing as of the Effective Date.  Any objection to Claims must be filed and served in accordance with Bankruptcy Rule 3007; provided, however, that the foregoing limitations do not apply to any Claims filed subsequent to Confirmation.

C.        **No Distribution on Disputed Claims.**

Notwithstanding any provision of the Plan specifying the time for payment of distributions to holders of claims, no payment, dividend, or distribution shall be made to the holder of any Disputed Claim until the time such Claim has been determined to be an Allowed Claim.  Notwithstanding the existence of a Disputed Claim in a Class to which a distribution under this Plan is due, such distribution to other creditors shall not be affected by any delay in the resolution of the Disputed Claim.  Upon the allowance of any Disputed Claim, the holder shall be paid the amount that such holder would have received had its Claim been an Allowed Claim on the Effective Date.

## ARTICLE VI

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

A.        **Assumption of Executory Contracts and Unexpired Leases.**

Except for any unexpired lease or executory contract that the Debtor rejects or designates as being subject to rejection on or before the Effective Date, all executory contracts and unexpired leases not previously assumed by the Debtor pursuant to section 365 of the Bankruptcy Code shall be deemed to have been assumed by the Debtor and the Plan shall constitute a motion to assume such executory contracts and unexpired leases to which the Debtor is a party. Subject to (i) appropriate notice being provided to non-debtor counterparties to executory contracts and unexpired leases of the Debtor's assumption of their respective contracts or leases and any cure amounts in accordance with subsection C below and (ii) occurrence of the Effective Date, entry of the Confirmation Order by the Bankruptcy Court shall constitute provisional approval of such assumptions pursuant to section 365(a) of the Bankruptcy Code and a preliminary finding by the Bankruptcy Court that each such assumption is in the best interests of the Debtor, the Estate and all parties in interest in the Reorganization Case.  With respect to each such executory contract or unexpired lease assumed by the Debtor, unless otherwise determined by the Bankruptcy Court pursuant to Final Order or agreed to by the parties in accordance with the procedure described in subsection C below, any defaults of the Debtor with respect to such assumed executory contracts or unexpired leases existing as of the Effective Date shall be cured in the ordinary course of the business of the Reorganized Debtor promptly after any such default becomes known to the Debtor and, if disputed, established pursuant to applicable law by the Bankruptcy Court, and the assumed executory contracts and unexpired

leases shall be binding and enforceable upon the parties thereto, subject to the rights and defenses existing under each such executory contract and unexpired lease.

B.        **Reservation of Rejection Rights.**

Notwithstanding subpart A of this Article VI, the Debtor may reject any executory contract or unexpired lease listed on an exhibit to be provided to the Bankruptcy Court and served on all creditors and other parties in interest no later than five (5) business days prior to the Confirmation Hearing.  Any such exercise of the right to reject an unexpired lease of real property under which the Reorganized Debtor is a lessor shall entitle the lessee to all rights under section 365(h) of the Bankruptcy Code, unless otherwise agreed to in writing by the Reorganized Debtor and the particular lessee.

C.        **Notice of Assumption.**

No later than five (5) business days after entry of the Confirmation Order, the Debtor shall provide written notice (the "Assumption Notice") of Confirmation to all counterparties to any executory contract or unexpired lease with the Debtor of (i) the Debtor's provisional assumption of each such counterparty's executory contract or unexpired lease with the Debtor pursuant to the Confirmation Order, (ii) any cure amount necessary to be paid to any such counterparty pursuant to the provisions of section 365 of the Bankruptcy Code and (iii) any other rights such counterparty may have with respect to the Debtor's assumption of the particular executory contract or unexpired lease.  Not later than fourteen (14) days after service of the notice described in the first sentence of this subsection C (the "Assumption Objection Bar Date"), any counterparty to an executory contract or unexpired lease with the Debtor shall file any objection it may have to assumption of the particular counterparty's executory contract or unexpired lease, including any objection the counterparty may have to the cure amount set forth in the Assumption Notice or objection based on adequate assurance of future performance, and serve the objection on undersigned counsel for the Debtor, counsel for the Secured Lender and the Office of the United States .  To the extent that any such counterparty to any executory contract or unexpired lease with the Debtor fails to file an objection, each such executory contract or unexpired lease shall be deemed assumed as of the date of Confirmation in accordance with subsection A above.  To the extent that any such counterparty to any executory contract or unexpired lease with the Debtor files and serves an objection, the Bankruptcy Court shall determine the merits of the objection and any response of the Debtor and enter a Final Order regarding the assumption of that particular executory contract or unexpired lease.  The pendency of any dispute over assumption of a particular executory contract or unexpired lease shall not constitute a bar to the occurrence of the Effective Date.

## ARTICLE VII

## MEANS FOR EXECUTION OF THE PLAN

A.        **Dismissal of All Litigation**

Upon the entry of the Confirmation Order, the Contract Litigation, Foreclosure Proceeding and the Guaranty Litigation shall be dismissed with prejudice in accordance with Article IV.B.1.e.  All claims asserted therein shall be released and deemed satisfied, provided,

however, that the Guaranty will be replaced and superseded by the Amended and Restated Guaranty.

**B.        Amended and Restated Loan Documents**

All Amended and Restated Loan Documents that have not otherwise been filed with the Court as Exhibit 1 to the Plan, shall be on terms substantially in the same form as the Existing Loan Documents, with changes necessary to conform to the terms and conditions of the Amended and Restated Loan Agreement, and shall be filed with the Court no less than one (1) Business Day prior to the Effective Date with the consent of the Secured Lender, whose consent shall not be unreasonably withheld.  Prior to and until the Effective Date, the Debtor and the Secured Lender agree that the material terms and conditions of the Existing Loan Documents will govern their relationship.

**C.        Effective Date**

The conditions to effectiveness of the Plan shall be:

1. the payment of the Principal Paydown by the Equity Holder;

2. the payment of the Lockbox Cash into the Seasonality Reserve and payment of $1,500,000 by the Equity Holder into the Seasonality Reserve;

3. any default under the Modified Cash Collateral Order shall have been timely cured; and

4. the filing of the Amended and Restated Loan Documents with the Court, as described in Section VII(C).

In the event that any of the conditions described in this Section are not satisfied by January 18, 2013, then the Effective Date of the Plan shall not occur and the Court shall enter such Final Orders as are necessary to facilitate the sale of the Hotel pursuant to section 363 of the Bankruptcy Code.  Such Final Orders shall provide for, among other things, that (A) the auction for the sale of the Hotel shall occur no later than February 28, 2013; (B) the hearing to approve the sale of the Hotel shall occur no later than March 15, 2013; (C) the Secured Lender shall be permitted to "credit bid" the full amount of its Allowed Secured Claim ($71,000,000) pursuant to section 363(k) of the Bankruptcy Code; and (D) the Debtor shall not be permitted any further extensions of the exclusivity periods for the purpose of proposing or soliciting alternative chapter 11 plans.  Notwithstanding the foregoing, in the event that (1), (2) and (3) above have been satisfied and the Court has not entered a Final Order pursuant to Section VII(C) of the Plan, then the Effective Date shall be one business day following the filing of the Amended and Restated Loan Documents.

**D.        Assumption of Executory Contracts and Unexpired Leases**

The Debtor shall proceed with the resolution of any disputes with respect to the assumption of executory contracts or unexpired leases in accordance with Article VI above.  The Debtor may amend the terms and conditions of any executory contract or unexpired lease to

resolve any objection to the Debtor's assumption of the contract or lease and the Debtor may enter into other supplemental and ancillary documents necessary for implementation of the Plan without any additional approval of the Bankruptcy Court.

### E. Amended and Restated Cash Management Agreement

If, and to the extent that, the Debtor and Secured Lender deem it appropriate to enter into an Amended and Restated Cash Management Agreement, they may do so without the approval or execution of such Amended and Restated Cash Management Agreement by the Manager or any successor to the Manager. Any such Amended and Restated Cash Management Agreement shall supersede and replace the existing Cash Management Agreement.

## ARTICLE VIII

## MISCELLANEOUS PROVISIONS

### A. Vesting of Assets.

Upon the Effective Date, all assets of the Estate shall be vested in the Reorganized Debtor in accordance with section 1141 of the Bankruptcy Code, and no further order of the Court shall be necessary for the Reorganized Debtor to perform such acts as are within the ordinary scope of its business and/or necessary to carry out the purposes or intent of this Plan.

### B. Unmarked Ballots.

Executed ballots respecting the Plan returned by Creditors to the Debtor that do not indicate acceptance or rejection of the Plan shall be deemed and counted as acceptance of the Plan.

### C. Negotiated Distribution Checks.

Pursuant to section 347 of the Bankruptcy Code, ninety (90) days after any distribution to any creditor by the Reorganized Debtor provided for herein, the Reorganized Debtor shall stop payment on any check on such distribution remaining unpaid to a holder of an Allowed claim and funds shall be returned to the Reorganized Debtor. From and after the date the Reorganized Debtor stops payment on any distribution check pursuant to this paragraph, the holder of the Allowed claim on account of which such check was issued shall be entitled to receive no further distributions on account of his/her/its claim and such holder's Allowed claim shall thereupon be deemed satisfied in full.

### D. Mailing List; Returned Distribution Checks.

The official listing of creditor identities and mailing addresses is maintained by the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Northern District of Illinois (the "Official Mailing List"). It shall be the obligation of each creditor and/or party in interest to assure that the Official Mailing List is current and accurate as to each such person or entity. In the event that a distribution check, that has been properly posted to the creditor's address as set forth in the Official Mailing List, is returned as undeliverable by the United States Postal

Service, the Reorganized Debtor shall be authorized, but not required, to avoid such check with the applicable funds becoming subject to further distribution pursuant to this Plan, and the Claim of such creditor being deemed satisfied in full.

**E.        Administrative Claims Bar Date.**

The deadline for submission of all Claims entitled to administrative priority, with the exception of fees and costs of Professional Persons, shall be thirty (30) days following Confirmation. Failure to file a Claim by this date shall conclusively bar the claimant from asserting his Claim, which Claim shall be forever discharged.

**F.        Employment of Professional Persons.**

The Reorganized Debtor shall be authorized to employ and compensate Professional Persons following Confirmation upon such terms as the Reorganized Debtor deems reasonable and appropriate without further notice or order of the Court. All final applications for compensation for legal services rendered prior to Confirmation and reimbursement of actual and necessary expenses shall be filed and served on the Reorganized Debtor and Office of the United States Trustee within ten (10) Business Days following the entry of the Confirmation Order.

**G.        Treatment of Negotiable Instruments.**

Any negotiable instrument held by the holder of an Allowed Claim shall be deemed exchanged, canceled, or satisfied, as the case may be, on the Effective Date.

**H.        Timely Payments.**

The Reorganized Debtor shall make all payments required under the Plan and applicable law on a timely basis.

**I.        Stay of Confirmation Order Shall Not Apply.**

The stay of enforceability of Confirmation Order pursuant to Bankruptcy Rule 3020(e) shall not apply, and the order of Confirmation shall be enforceable according to its terms absent further order of the Court.

# ARTICLE IX

## SATISFACTION OF INDEBTEDNESS, DISCHARGE OF CLAIMS AND RELATED PROVISIONS

**A.        Satisfaction of Indebtedness and Discharge of Claims.**

The distribution made to the various classes of creditors as provided for in this Plan shall be in full and complete satisfaction of their Allowed Claims. Except to the extent provided for in this Plan, Confirmation shall operate, upon the Effective Date, as a discharge of any and all debts and claims as defined in section 101(5) of the Bankruptcy Code against the Debtor or Debtor in Possession that arose at any time prior to Confirmation. The discharge of the Debtor and the

discharge of claims against the Debtor, whether asserted against the Debtor or the Debtor in Possession, shall be effective as to each claim, regardless of whether or not (a) the claim was scheduled, (b) a proof of claim was filed, (c) the claim is an Allowed Claim or (d) the holder thereof voted to accept the Plan.

B.    **Release of Liabilities under Guaranty and Related Injunction.**

**AS OF THE EFFECTIVE DATE, AND IN CONSIDERATION FOR PS CDO MANAGER, LLC'S AGREEMENT TO ACT AS GUARANTOR UNDER THE AMENDED AND RESTATED GUARANTY, THE SECURED LENDER SHALL BE DEEMED TO HAVE FOREVER RELEASED, WAIVED AND DISCHARGED ALL CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DEMANDS, DEBTS, CAUSES OF ACTION AND LIABILITIES SECURED LENDER MAY HAVE AGAINST PS CDO MANAGER, LLC WITH RESPECT TO THE GUARANTY AND SHALL BE PERMANENTLY ENJOINED FROM ANY ACTION TO ENFORCE THE GUARANTY.**

C.    **Exculpation.**

As of the Effective Date, the Debtor, the Equity Holder, and their affiliates, and each of their respective present or former officers, members, employees, accountants, advisors, attorneys, consultants, experts or other agents, shall not have or incur any liability to any entity for any act or omission taken on or after the Petition Date in connection with or arising out of the negotiation of the Plan or other related document, the pursuit of Confirmation, the consummation of the Plan, the administration of the Plan or the property to be distributed under the Plan. The Debtor and Equity Holder shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan and any related document. In no event shall any party exculpated from liability under this section be exculpated from liability in the case of gross negligence, fraud or willful misconduct.

D.    **No Liability for Solicitation or Participation.**

Pursuant to section 1125(e) of the Bankruptcy Code, the Confirmation Order will provide that all of the persons who have solicited acceptances or rejections of the Plan (including the Debtor and Equity Holder, and each of their respective present or former officers, members, employees, accountants, advisors, attorneys, consultants, experts or other agents) have acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code, and are not liable on account of such solicitation or participation or for violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Plan.

# ARTICLE X

# MODIFICATION OF THE PLAN

Pursuant to the provisions of section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Debtor and Reorganized Debtor reserve the right to modify or alter the provisions of the Plan at any time prior to or subsequent to Confirmation, subject to the provisions of Bankruptcy Code and the Bankruptcy Rules and the consent of the Secured Lender.

# ARTICLE XI

## RETENTION OF JURISDICTION BY THE BANKRUPTCY COURT

Notwithstanding the entry of the Confirmation Order, until notice of the Effective Date,, the Bankruptcy Court shall retain jurisdiction to ensure that the purposes and intent of the Plan are carried out.  Without limiting the generality of the foregoing, the Court shall retain jurisdiction for the following purposes:

1.  Fixing and allowing any Claim as a cost and expense of the administration of the Chapter 11 Case.

2.  Reconsidering the allowance of any Claim that has been allowed.

3.  Hearing and determining any objection to a Claim.  The failure of the Debtor to object to, or to examine any claim for the purpose of voting, shall not be deemed to be a waiver of the Debtor's right to object to any claim in whole or in part.

4.  Hearing and determining any action brought by the Debtor seeking to avoid any transfer of an interest of the Debtor in property, or any obligation incurred by Debtor, that is avoidable pursuant to applicable law.

5.  Hearing and determining all causes of action, controversies, disputed, or conflicts between or among the Debtor and any other party, including those that were pending prior to entry of the Confirmation Order.

6.  Correcting any defect, curing any omission, or reconciling any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purpose and intent of the Plan.

7.  Hearing and determining any action brought by the Debtor to protect the Debtor and the Estate from actions of creditors, or other parties-in-interest.

8.  Issuing any order that may be necessary to implement the Plan or Confirmation Order, including without limitation, such declaratory judgments and injunctive orders as are appropriate to protect the Debtor, the Estate and the Reorganized Debtor from actions of creditors, or other parties in interest.

9.  Hearing and determining any dispute relating to the terms or implementation of the Plan or Confirmation Order, or the rights and obligations of any parties in interest with respect thereto.

10. Hearing and determining the merits of any objection to the Debtor's assumption of any executory contract or unexpired lease and entering Final Orders regarding same.

11. The modification of the Plan after Confirmation pursuant to the Bankruptcy Rules and the Bankruptcy Code in accordance with Article X above.

## ARTICLE XII

## ENTRY OF CLOSING ORDER BY THE BANKRUPTCY COURT

The Bankruptcy Court shall enter an order concluding and terminating the Reorganization Case upon application of the Reorganized Debtor.

Dated this 29th day of October, 2012.

        ALT Hotel, LLC

By:    Hotel Allerton Mezz, LLC, Sole Member of ALT Hotel, LLC

By:    */s/ Joseph Iacono*
        Joseph Iacono, Authorized Signatory,
        Hotel Allerton Mezz, LLC, Sole Member

# EXHIBIT 1

Amended and Restated Loan Agreement