**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| ALT Hotel, LLC, | Case No. 11-19401 (ABG) |
| Debtor. | **Hearing Date: December 19, 2012**<br>**Hearing Time: 9:30 a.m.** |

**FINAL APPLICATION OF FTI CONSULTING, INC FOR
ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF
EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD
<u>JUNE 21, 2011 THROUGH NOVEMBER 12, 2012</u>**

Name of Applicant:                    <u>FTI Consulting, Inc.</u>

Authorized to Provide
Professional Services to:             <u>ALT Hotel, LLC</u>

Date of Order Authorizing Retention:  <u>January 30, 2012</u>

Period for which compensation
and reimbursement is sought:          <u>June 21, 2011 through November 12, 2012</u>

Amount of compensation sought:        <u>$532,549.25</u>

Amount of expense reimbursement sought:  <u>$15,121.90</u>

*[Remainder of Page Left Intentionally Blank]*

00002892.DOC V-2

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>ALT Hotel, LLC,<br><br>            Debtor. | Chapter 11<br><br>Case No. 11-19401 (ALG)<br><br>Hearing Date:  December 19, 2012<br>Hearing Time: 9:30 a.m. |

**FINAL APPLICATION OF FTI CONSULTING, INC FOR
ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF
EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD
JUNE 21, 2011 THROUGH NOVEMBER 12, 2012**

FTI Consulting, Inc. ("FTI" or "Applicant"), as financial advisors to ALT Hotel, LLC ("Debtor"), hereby submits its final application ("Application") pursuant to 11 U.S.C. §§ 330 and 331 for a final allowance of compensation for services rendered and for reimbursement of expenses incurred in this case.

**INTRODUCTION**

1.      By this Application, FTI seeks a final allowance of compensation for professional services rendered as financial advisors to the Debtor for the period June 21, 2011 through and including November 12, 2012 (the "Compensation Period") in the amount of $532,549.25, representing 788.2 hours in professional services, and actual and necessary expenses of $15,121.90, which were incurred by FTI during the Compensation Period. FTI also seeks payment of $136,751.85 in fees, most of which consists of holdbacks from monthly fee statements previously filed and served by Debtor's counsel, and reimbursement of $807.32 in expenses. In support of this Application, the Applicant represents as follows:

2

2.  This Application is submitted pursuant to the terms of the Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 87] (the "Interim Compensation Order"). Pursuant to the Interim Compensation Order, FTI is seeking the allowance and the full payment of $532,549.25 in fees and $15,121.90 for reimbursement of its expenses relating to services rendered on behalf of the Debtor during the Compensation Period.

3.  Included in the $532,549.25 fee amount is $98,949.35 that represents the 20% professional fee holdback referenced in the Administrative Order for the period of June 21, 2011 through July 31, 2012 (the "20% Holdback"), and $37,802.50 in fees incurred from August 1 through November 12, 2012 that have not been included in any prior interim or monthly fee statement (the "Unbilled Time"). FTI seeks final allowance and payment of the fees and expenses in total, including the 20% Holdback on professional fees and the Unbilled Time.

**BACKGROUND**

4.  Commencing on May 5, 2011 (the "Petition Date") and continuing thereafter, the Debtor commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is authorized to continue to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.  By an Order dated January 30, 2012 (the "Retention Order"), the United States Bankruptcy Court for the Northern District of Illinois authorized and approved the Debtor's retention of FTI *nunc pro tunc* to June 21, 2011. FTI also filed its First Supplemental

3

Affidavit of Alan Tantleff in Support of the Application of the Debtor to Employ FTI Consulting, Inc. as Financial Advisors for the Debtor on January 30, 2012.

6. On October 29, 2012, the Debtor filed a Modified Second Amended Plan of Reorganization (the "Plan"), and an order approving the Plan was approved on the same day. The Plan was the result of extensive negotiations between the Debtor and its secured lender, DiamondRock Hospitality ("DRH" or "Secured Lender"), and also provided for full recovery to all unsecured creditors.

7. The source of any further payment of the fees and expenses sought by FTI is expected to be cash flows from the Allerton hotel made available to the Debtor pursuant to paragraph 4 of the various cash collateral orders, the latest being the Eleventh Interim Order, entered on August 23, 2012 (Docket No. 354) ("Cash Collateral Orders") and any subsequent stipulations regarding use of cash collateral.

## SUMMARY OF SERVICES RENDERED

8. The Debtor's chapter 11 case presented numerous issues that had to be addressed in order to preserve and maximize value for the estate. The Retention Order authorizes FTI to render essential financial advisory services to the Debtor. FTI has provided these services in various capacities throughout the pendency of this bankruptcy proceeding. The initial financial advisory services were primarily related to the analysis of the Allerton hotel and the evaluation of various strategic alternatives, including joint venture and branding opportunities, re-financing, settlement with the Secured Lender, and a stand-alone plan of reorganization. FTI continued to provide financial advisory services as the initial plan of

reorganization was filed, reviewed the various appraisals produced during this case, and conducted cash flow analysis utilized as exhibits in the Debtor's filings. FTI also provided expert witness testimony and support for the Debtor and Debtor's counsel during the contested plan confirmation trial and related discovery process.

9. Tasks were categorized based on specific task codes maintained in FTI's billing systems. A summary of the primary services provided during the Compensation Period follows:

*Deposition, Deposition Support, Trial Preparations, and Expert Testimony (250.5 hours, $182,350.00)*

A significant portion of FTI's fees relate to the efforts undertaken to prepare for and participate in the depositions of the Debtor's and the Secured Lender's experts, meetings with the Debtor and Debtor's counsel in advance of and during the confirmation hearing, and expert testimony provided by Mr. Reiss of FTI on behalf of the Debtor.

Professionals from FTI were present for the depositions of Mr. Reiss and the Debtor's valuation expert, Mr. Daniel Lesser, and participated in meetings with Debtor's counsel to prepare for these depositions.

FTI also provided financial advisory services and litigation support to Debtor's counsel in advance of the depositions of the Secured Lender's expert witnesses, Mr. Theodore Mandigo and Mr. Matthew Kimmel. This preparation included the review and scrutiny of the relevant expert reports, the Senior Lender's appraisal (the "Deloitte Appraisal"), and assisting Debtor's counsel to prepare lines of questioning during these depositions.

FTI participated in numerous meetings in advance of the confirmation hearings to prepare case strategy with the Debtor and Debtor's counsel, and to prepare demonstrative exhibits to be used at trial.  These meetings continued during the week of July 23, 2012, while representatives from FTI were in Chicago for the confirmation hearing, and resumed during October 2012 as the Debtor prepared for resumption of the confirmation hearing, scheduled for October 29, 2012.

Mr. Reiss provided expert testimony on July 25-26, 2012, and professionals from FTI were present throughout the confirmation hearing to assist Debtor's counsel.

*Preparation of Expert Report of M. Freddie Reiss (139.1 hours, $79,451.50)*

In June 2012, FTI prepared and submitted the expert report of M. Freddie Reiss regarding feasibility of the Debtor's proposed plan of reorganization and also regarding the appropriate interest rate so as to cause the present value of payments to the Secured Lender to equal at least the value of the Secured Lender's claim.

Preparation of this report necessitated a thorough review and independent analysis of the Debtor's hotel appraisal ("LWHA Appraisal") and the cash flows forecasted therein, including the extrapolation of annual results in the LWHA Appraisal into monthly results based on historical seasonality.  Projections were also analyzed against historical results of the subject property and compared to market competitors and industry standards.

To determine the appropriate interest rate, capital markets research was first conducted to determine FTI's conclusion on the lack of an efficient market for financing.  Further research was conducted in order to obtain the inputs required for Mr. Reiss's interest calculation.

*Case Strategy Meetings with Debtor and Debtor's Counsel (64.8 hours, $49,256.50)*

FTI participated in numerous meetings with the Debtor and Debtor's counsel to discuss the results of ongoing analysis and to determine appropriate case strategy. These meetings were critical to understand the overall context of the Debtor's bankruptcy filing, evaluate alternatives for the Debtor's plan of reorganization, and to prepare for potential expert witness testimony.

*Plan of Reorganization and Disclosure Statement (59.5 hours, $42,361.50)*

In support of the Debtor's plan of reorganization, FTI prepared long-term cash flow forecasts to determine the ability under the plan to service debt, understand future cash needs, and determine a preliminary range of potential value for the property. This analysis included a review of the budget, construction of a cash flow model, analysis and determination of revenue and expense growth, and discussions with the property manager regarding booking space and outlook for the property.

In addition, FTI reviewed and provided guidance to the Debtor and Debtor's counsel on each of the original and amended plans, and corresponding disclosure statements.

*Preparation of Monthly Operating Reports (67.8 hours, $39,503.00)*

During the Compensation Period, FTI prepared monthly operating reports ("MORs") for the Debtor in each month since June 2011. In order to prepare the MORs, FTI held discussions with hotel management to understand the purpose of each bank account and reviewed the associated debits and credits, classifying each item in order to appropriately categorize cash flows for monthly reporting. FTI anticipates that it will continue to prepare the Debtors' MORs through emergence from bankruptcy. It is assumed that this will be the only ongoing task for FTI as it relates to this case, and FTI reserves the right to petition the court for compensation beyond the date of this Application for these services to be provided.

*Preparation of Long-Term Cash Flow Forecast (38.0 hours, $23,931.00)*

Time expended in this category included a review of the budget, construction of a cash flow model, analysis and determination of revenue and expense growth, and discussions with the property manager regarding booking space and outlook for the property.

*Discussions and Analysis of Branding/JV Options (23.0 hours, $15,738.50)*

FTI participated in term sheet negotiations related to branding opportunities and potential joint venture arrangements. FTI also analyzed capital expenditure requirements and property improvement plans in connection with these discussions.

*Market Research / Analysis (20.4 hours, $12,850.50)*

Time includes the review and analysis of recent industry sales and financings, analysis of the Chicago lodging industry, including future outlook and convention booking trends. FTI reviewed comparable sales databases, industry reports, and SEC filings in order to understand market trends and capital markets activity.

### **ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

10. All of the services for which compensation is sought herein were rendered for and on behalf of the Debtor, and not on behalf of any other entity. FTI respectfully submits that the professional services rendered were necessary, appropriate and have contributed to the effective administration of the Debtor's chapter 11 case and maximization of value. It is respectfully submitted that the services rendered to the Debtor were performed efficiently, effectively and economically.

11. With respect to the level of compensation, § 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award a professional reasonable compensation for necessary services rendered by such professional based upon consideration of all of the relevant factors, including time spent, rates charged, necessity or benefit of services rendered, reasonableness of time spent and cost of comparable services other than in a bankruptcy case. *See* 11 U.S.C. § 330(a).

12. During the Compensation Period, FTI professionals expended an aggregate of 826.4 hours in rendering services on behalf of the Debtor for a total fee of $561,598.00. This amount was reduced to $532,549.25, reflecting a voluntary reduction equal to one-half of travel time incurred. FTI submits that its fee is reasonable for the work performed in this case and the results obtained.

13. FTI incurred out-of-pocket expenses of $15,264.58 in connection with the rendition of the professional services described above during this First Compensation Period. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtor in this Chapter 11 case. A summary of FTI's out-of-pocket expenses incurred during the Compensation Period follows:

*Airfare ($8,996.05)*

These out-of-pocket expenses consist of airfare charges related to multiple trips to Chicago for property tours, to attend depositions, to attend the plan confirmation trial, and to attend FTI's retention hearing, and three trips to New York by Mr. Reiss for meetings with the Debtor. All air travel was necessary and billed at coach airfare rates.

*Lodging ($861.66)*

9

Lodging expenses consist primarily of hotel room charges for Mr. Reiss during one visit to New York to meet with the Debtor and during a visit to Chicago to be deposed at the offices of Locke Lord LLP, counsel to the Secured Lender.

*Ground Transportation ($2,160.31)*

Ground Transportation expenses consist primarily of taxis and other vehicle transportation while traveling, including transportation to and from airports, and taxi expenses incurred during FTI's visits to Chicago for property tours, depositions, and the plan confirmation trial.

*Other ($3,103.88)*

"Other" out-of-pocket expenses consist primarily of charges incurred for the purchase of research materials during FTI's initial evaluation of the property, during the preparation of the Expert Report, and in support of analyses for the plan confirmation trial. The remaining expenses consist of parking, mileage, tips, postage, internet access, and telecommunications.

14. Pursuant to the court's instructions, FTI has removed all meal charges, and has voluntarily reduced the total amount requested during the Compensation Period by $142.68 for meal expenses that have been included in FTIs fee statements and reimbursed by the Debtor.

**APPLICATION**

15. This Application is made by FTI in accordance with the Guidelines adopted by the Executive Office for the United States Trustees and the Interim Compensation Order. Pursuant to this Application, FTI has attached the following exhibits:

**Exhibit A** – Retention Order dated January 30, 2012 authorizing the employment and retention of FTI Consulting, Inc. effective as of June 21, 2011 to provide professional services as Financial Advisors to the Debtor;

**Exhibit B** – Summary of billings and collections for each of the months covered in the Compensation Period;

**Exhibit C** – Summary of hours and fees by task category;

**Exhibit D** – Summary of out of pocket expenses incurred during the Compensation Period;

**Exhibit E** – Detail of time by task category, including detailed time entry by professional with description of task performed; and

**Exhibit F** – Detail of out of pocket expenses incurred during the Compensation Period.

## **CONCLUSION**

16. No agreement or understanding exists between FTI and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with this case.

17. No prior application has been made to this or any other Court for the relief requested herein for the Compensation Period.

*[Remainder of Page Left Intentionally Blank]*

**WHEREFORE,** FTI respectfully requests that this Court enter an order:

a. approving the allowance of $532,549.25 for compensation for services rendered during the Compensation Period, and reimbursement of $15,121.90 for out of pocket expenses,

b. directing the payment by the Debtor to FTI of such fees and expenses not already paid, and

c. granting such other and further relief as this Court may deem just and proper.

Dated: November 12, 2012

        FTI Consulting, Inc.
        Financial Advisors to the Debtor

        By: /s/ Alan Tantleff

        Alan Tantleff
        Senior Managing Director
        Three Times Square
        New York, NY  10036
        (212) 499-3613