# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ALT Hotel, LLC, | ) ) | Case No. 11-19401 (ABG) |
| Debtor. | ) ) ) ) | **Hearing Date:** December 19, 2012<br>**Hearing Time:** 9:30 a.m. |

## FINAL FEE APPLICATION OF BMC GROUP FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD MAY 1, 2012 THROUGH JULY 31, 2012

Name of Applicant:                                          BMC Group

Authorized to Provide Professional Services to:             Debtor and Debtor in Possession

Date of Order Authorizing Retention:                        May 9, 2012

Period for which Compensation
and Reimbursement is Sought:                                May 1, 2012 – July 31, 2012

Amount of Compensation Sought as
Actual, Reasonable, and Necessary:                          $2,984.50

Amount of Expense Reimbursement Sought
as Actual, Reasonable, and Necessary:                       $1,150.50

This is the final application of BMC Group.

*[Remainder of Page Intentionally Left Blank]*

00004528.DOCX V-

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALT Hotel, LLC, | ) | Case No. 11-19401 (ABG) |
| | ) | |
| Debtor. | ) | Hearing Date:  December 19, 2012 |
| | ) | Hearing Time:  9:30 a.m. |
| | ) | |

## FINAL FEE APPLICATION OF BMC GROUP FOR
## ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF
## EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE
## PERIOD MAY 1, 2012 THROUGH JULY 31, 2012

BMC Group ("BMC" or "Applicant"), as plan solicitation and voting tabulation agent to ALT Hotel, LLC ("Debtor"), hereby submits its final fee application pursuant to 11 U.S.C. §§ 330 and 331 for allowance of compensation for services rendered and for reimbursement of expenses incurred in this case (the "Final Application").

## INTRODUCTION

1.     By this application, BMC seeks final allowance of compensation for professional services rendered as plan solicitation and voting tabulation agent to the Debtor for the period May 1, 2012 through July 31, 2012 (the "Final Application Period") in the amount of $2,984.50 for consultation fees and services related thereto and the actual and necessary expenses of $1,150.50, which were incurred by BMC during the Final Application Period.

2.     This application is submitted pursuant to sections 105(a) and 331 of the Bankruptcy Code and the terms of the Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals [Docket No. 87] (the "Interim Compensation Order").  By

this Final Application, BMC is seeking a final allowance of compensation in the amount of $2,984.50 and final allowance for reimbursement of actual and necessary expenses in the amount of $1,150.50 relating to services rendered on behalf of the Debtor during the Final Application Period. BMC further seeks payment of the unpaid portion of its fees in the amount of $1,872.50, which includes $278.00 in holdback fees, and the unpaid portion of its expenses in the amount of $30.90, also for the Final Application Period. In support of this Final Application, BMC respectfully represents as follows:

## BACKGROUND

3.  Commencing on May 5, 2011 (the "Petition Date") and continuing thereafter, the Debtor commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is authorized to continue to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  By an Order dated May 9, 2012 (the "Retention Order"), the United States Bankruptcy Court for the Northern District of Illinois authorized and approved the Debtor's retention of BMC as plan solicitation and voting tabulation agent to the Debtor [Docket No. 259].

## SUMMARY OF SERVICES RENDERED

5.  BMC has previously filed and served one monthly fee application covering the period May 1, 2012 through May 31, 2012. Although BMC did not file and serve a monthly application for the period June 30, 2012 through July 31, 2012, it is seeking allowance of compensation and reimbursement of expenses for these two months as part of this Final Application.

6.      The monthly fee application for the period May 1, 2012 through May 31, 2012 and invoice for the period June 1, 2012 through July 31, 2012 covered by this Final Application contain detailed daily time logs describing the actual and necessary services provided by BMC during the Final Application Period as well as expense and other detailed information required to be included in fee applications.

7.      BMC has extensive experience as a claims processing, noticing, website hosting and plan solicitation agent in major chapter 11 cases and thus, was well qualified to serve in such role.  During the Final Application Period, BMC reviewed, assembled and distributed the solicitation documents.  BMC also reviewed and tabulated the returned ballots, and prepared the voting tabulation declaration [Docket No. 285].

8.      On June 15, 2012, BMC filed its First Monthly Fee Application of BMC Group for Allowance of Compensation and for Reimbursement of Expenses for Services Rendered in the Case for the Period May 1, 2012 through May 31, 2012 (the "First Monthly Fee Application"), requesting allowance of $1,390.00 in fees and $1,119.60 in expenses.  Pursuant to the Interim Compensation Order, BMC was authorized to be paid $1,112.00 in fees and $1,119.60 in expenses for the First Monthly Fee Application.  Holdback fees with respect to the First Monthly Fee Application totaled $278.00.  A true and correct copy of the First Monthly Fee Application is attached hereto as **Exhibit A**.

9.      BMC has not filed a monthly fee application with respect to the period June 1, 2012 through July 31, 2012 (the "June-July Invoice").  BMC seeks allowance of its compensation and reimbursement of expenses for this period as part of this Final Application.

BMC is seeking allowance of $1,594.50 in fees and reimbursement of $30.90 in expenses. A true and correct copy of the June-July Invoice is attached hereto as **Exhibit B**.

10. With respect to the June-July Invoice, the following summarizes the work performed by BMC:

### A.    *Fees - $1,594.50*

Time expended by BMC in this category includes, among other items, communications with Debtor's counsel, mailing of plan solicitation documents to certain parties, review and tabulation of ballots, and preparation of voting tabulation declaration. In so doing, BMC incurred fees of $1,594.50.

### B.    *Expenses - $30.90*

As plan solicitation and voting tabulation agent to the Debtor, BMC incurred expenses for document storage and Pacer service in the amount of $30.90.

## ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

11. All of the services for which final compensation is sought herein were rendered for and on behalf of the Debtor, and not on behalf of any other entity. BMC respectfully submits that the professional services rendered were necessary, appropriate and have contributed to the effective administration of the Debtor's chapter 11 case. It is respectfully submitted that the services rendered to the Debtor were performed efficiently, effectively and economically.

12. With respect to the level of compensation, § 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award a professional reasonable compensation for necessary services rendered by such professional based upon consideration of all of the relevant factors, including time spent, rates charged, necessity or benefit of services rendered,

reasonableness of time spent and cost of comparable services other than in a bankruptcy case. *See* 11 U.S.C. § 330(a).

13. During the Final Application Period, BMC professionals expended an aggregate of 27.10 hours in rendering services on behalf of the Debtor for a total fee of $2,984.50, for a blended hourly rate of $110.13.  BMC submits that its fee is reasonable for the work performed in this case and the results obtained.  In particular, BMC's work insured that there would be an orderly solicitation of acceptances or rejections to the chapter 11 plan at a reduced cost to the estate.

14. Also during the Final Application Period, BMC incurred out-of-pocket expenses of $1,150.50 in connection with the rendition of the services described above during the Application Period.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtor in this Chapter 11 case.

## FINAL APPLICATION

15. This Final Application is made by BMC in accordance with the Guidelines adopted by the Executive Office for the United States Trustees and the Interim Compensation Order.

## CONCLUSION

16. No agreement or understanding exists between BMC and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with this case.

17. No prior application has been made to this or any other Court for the relief requested herein for the Final Application Period.

**WHEREFORE,** BMC respectfully requests that this Court enter an order, substantially in the form attached hereto, provided (i) that for the period May 1, 2012 through July 31, 2012, a final allowance be made to BMC in the sum of $2,984.50 as compensation for reasonable and necessary professional services rendered, and reimbursement of expenses in the sum of $1,150.50, for a total allowance of $4,135.00; (ii) that the Debtors be authorized and directed to pay to BMC the outstanding amount of fees and expenses, including the holdback fees from the First Monthly Fee Application, in the total amount of $1,903.40; and (iii) granting such other and further relief as this Court may deem just and proper.

Dated: November 12, 2012

Respectfully submitted,

/s/ Dean C. Gramlich
NEAL WOLF & ASSOCIATES, LLC
Neal L. Wolf (ARDC No. 6186361)
Dean C. Gramlich (ARDC No. 6191587)
155 N. Wacker Drive, Suite 1910
Chicago, IL  60606
Telephone:   (312) 228-4990
Facsimile:   (312) 228-4988
Email:   nwolf@nealwolflaw.com
         dgramlich@nealwolflaw.com

*Attorneys for the Debtor and Debtor in Possession*