# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALT Hotel, LLC, | ) | Case No. 11-19401 (ABG) |
| | ) | |
| Debtor. | ) | Hearing Date:    April 29, 2013 |
| | ) | Hearing Time:    9:30 a.m. |

## NOTICE OF HEARING ON DEBTOR'S
## FIRST OMNIBUS OBJECTION TO SATISFIED OR RELEASED CLAIMS`

To:    ALL PARTIES ON THE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on **April 29, 2013**, at **9:30 a.m.** or as soon thereafter as counsel may be heard, ALT Hotel, LLC shall appear before the Honorable A. Benjamin Goldgar, United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, Room 642, 219 S. Dearborn Street, Chicago, Illinois, or before any judge sitting in his stead, and then and there present the attached **Debtor's First Omnibus Objection to Satisfied or Released Claims**, a copy of which is hereby served upon you.

***THIS OBJECTION SEEKS TO DISALLOW AND REDUCE THE AMOUNT OF CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE <u>EXHIBIT A</u> ATTACHED TO THE OBJECTION.***

                                        Respectfully submitted,

Dated:  March 15, 2013                  ALT Hotel, LLC

                                        By:/s/ Neal L. Wolf
                                            Neal L. Wolf (ARDC No. 6186361)
                                            Dean C. Gramlich (ARDC No. 6191587)
                                            NEAL WOLF & ASSOCIATES, LLC
                                            155 N. Wacker Drive, Suite 1910
                                            Chicago, IL 60606
                                            Main:    (312) 228-4990
                                            Fax:     (312) 228-4988
                                            Email:   nwolf@nealwolflaw.com
                                                     dgramlich@nealwolflaw.com

                                        *Attorneys for the Debtor and Debtor-in-Possession*

# CERTIFICATE OF SERVICE

      I, Dean C. Gramlich, an attorney, hereby certify that on March 15, 2013, I caused a copy of the attached **Notice of Hearing** and **Reorganized Debtor's First Omnibus Objection to Satisfied or Released Claims,** to be served upon the following persons per the Court's CM/ECF system or by first class United States mail, postage prepaid, as indicated:

**VIA FIRST CLASS MAIL**
U.S. Bancorp Equipment Finance, Inc.
d/b/a US Bancorp Business Equipment Finance Group
Attn: Bankruptcy Department
1310 Madrid Street
Marshall, MN 56258

**VIA FIRST CLASS MAIL**
Liberty Mutual Group
Attn: Customer Accounting Services
100 Liberty Way—P.O. Box 1525
Dover, New Hampshire 03820-1525

**VIA FIRST CLASS MAIL**
Minibar North America, Inc.
c/o Mr. Patrick J. Galgano, CFO
7340 Westmore Road
Rockville, Maryland 20850

**VIA FIRST CLASS MAIL**
Mitel Leasing, Inc.
10603 W. Sam Houston Pkwy
Suite 400
Houston, TX 77064

**VIA ECF NOTICE**
Patrick S. Layng
U.S. Trustee (Region 11)
219 South Dearborn Street, Suite 873
Chicago, IL  60604

**VIA ECF NOTICE**
Marc J. Carmel
Christian M. Auty
Paul Hastings LLP
191 N. Wacker Drive, 30th Floor
Chicago, IL  60606

                                                           /s/ Dean C. Gramlich

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| ALT Hotel, LLC, | ) Case No. 11-19401 (ABG) |
| Debtor. | ) Hearing Date: April 29, 2013 |
| | ) Hearing Time: 9:30 a.m. |

### DEBTOR'S FIRST OMNIBUS OBJECTION TO SATISFIED OR RELEASED CLAIMS

ALT Hotel, LLC ("Debtor") in the above-captioned chapter 11 case (the "Case") respectfully requests that the Court enter an order sustaining the Debtor's objection ("Claims Objection") to the four claims listed on the attached **Exhibit A** under the heading "Claims to be Disallowed and Restated" (collectively, the "D&R Claims").  The Debtor seeks an order disallowing and restating the D&R Claims, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.  **Pursuant to Bankruptcy Rule 3007(e) (1) and Local Rule 3007-1, claimants ("D&R Claimants") receiving this First Omnibus Objection should locate their names, claims, and claims numbers on the attached Exhibit A.[1]**  In support of this Claim Objection, the Debtor respectfully represents as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for

---

[1] Creditors can obtain copies of any proof of claim filed against the Debtor's bankruptcy estate on the Internet at the website for the United States Bankruptcy Clerk for the Northern District of Illinois: http://www.uscourts.gov/court.  Alternatively, creditors may request a copy of any proof of claim by contacting counsel for the Debtor: Neal Wolf & Associates, LLC, Attn: Dean C. Gramlich, 155 N. Wacker Dr., Suite 1910, Chicago, IL 60606, Tel: 312-228-4990, Fax: 312-228-4988, Email: dgramlich@nealwolflaw.com.

the relief requested herein are sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.

## BACKGROUND

2. The Debtor is a Delaware limited liability company. Its sole member is Hotel Allerton Mezz, LLC, a Delaware limited liability company ("Hotel Allerton Mezz"). The Debtor's sole asset is a hotel in downtown Chicago, Illinois named the Allerton Hotel (the "Hotel"). The Hotel is managed by Kokua Hospitality, LLC ("Kokua") pursuant to a Hotel Management Agreement, dated November 9, 2006, between the Debtor and Kokua.

3. On May 5, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues in possession of its property and continues to operate and manage its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case. The Office of the United States Trustee did not appoint a committee of unsecured creditors in the case.

4. On January 25, 2012, the Debtor filed its Disclosure Statement for Plan of Reorganization Under Chapter 11 of the Bankruptcy Code Proposed by the Debtor ("Disclosure Statement") (Docket No. 176). On April 9, 2012, this Court approved the Disclosure Statement (Docket No. 243).

5. As the Court is well aware, proceedings in this Case have focused largely on substantial disputes between the Debtor and its mortgagee, DiamondRock Allerton Owner ("DiamondRock") over, among other things, the parties' pre-petition conduct, the terms of a chapter 11 plan of reorganization and the terms of the various cash collateral orders

periodically entered by the Court. The Debtor has benefited from the very few disputes it has had with its trade vendors and other unsecured creditors.

6. On October 27, 2013, the Debtor resolved its various disputes with DiamondRock, with the terms of their settlement being described in the Debtor's Second Amended Plan of Reorganization ("Modified Second Amended Plan"), filed with the Court on October 29, 2012 along with a new loan agreement (Docket No. 372). After a brief confirmation hearing on October 29, 2012, the Court entered an Order Confirming the Debtor's Modified Second Amended Plan of Reorganization ("Confirmation Order") (Docket No. 374).

7. On November 5, 2012, the Debtor filed a notice (the "Assumption Notice") (Dkt. No. 378) with the Court setting forth a list of executory contracts and unexpired leases to which the Debtor is a party and which the Debtor wished to assume in its bankruptcy case. The Modified Second Amended Plan constituted a motion to assume such executory contracts and unexpired leases. The Assumption Notice (attached as **Exhibit B** hereto), set forth any amounts due and payable by the Debtor to the counterparty to the contracts or leases being assumed and further provided that any such amounts would be paid by the Debtor in the ordinary course of business or as otherwise agreed to by the Debtor and the respective counterparty. Any party seeking to object to the Debtor's assumption of any executory contract or unexpired lease was given through 5:00 p.m. Central time on November 19, 2012 ("Assumption Objection Deadline") to state its objection to assumption, including payment of any cure amounts, adequate assurance issues or any other objection to assumption. Each of the holders of the D&R Claims is listed on the Assumption Notice. A copy of the Assumption Notice was mailed to each of the holders of the D&R Claims.

8. No party objected to the relief requested in the Assumption Notice, including the cure amounts set forth therein.

9. Article VII.C of the Modified Second Amended Plan required the Debtor to satisfy various conditions to the occurrence of the Effective Date by January 18, 2013, including a $5 million pay down of the principal amount of the restructured mortgage by Hotel Allerton Mezz, the Debtor's owner.

10. On January 18, 2013, the Debtor and Hotel Allerton Mezz satisfied the conditions to the Plan Effective Date and otherwise closed on the restructured mortgage. On January 24, 2013, the Debtor issued a Notice of the Effective Date (Docket No. 395).

11. With respect to the treatment of the Debtor's general unsecured claims, Article IV.B.3 of the Modified Second Amended Plan requires full payment of those claims in two equal installments, with interest on the second payment accruing at 5% per annum. *See* Column 2 in **Exhibit C** hereto, listing amounts to be paid to certain of the D&R claimants. The Debtor made the first such installment payment shortly after the Effective Date and the second payment is due in July 2013. None of the holders of the D&R claims who received payments have objected to the amounts paid.

12. Article V of the Modified Second Amended Plan assigns to the Reorganized Debtor the right to assert any defenses or counterclaims the Debtor had with respect to any proofs of claim or otherwise object to such claims in accordance with Bankruptcy Rule 3007.[2] The Modified Second Amended Plan permits the Court allow or disallow claims disputed by the Debtor or other party in interest.

---

[2] On November 16, 2011, the Court entered its Order and Notice setting a general bar date of December 16, 2011 for the filing of the proofs of claims (Docket No. 144) ("Bar Date Notice"). On November 17, 2011, the Debtor served the Bar Date Notice on over 200 parties. *See* Docket No. 145.

## SUMMARY OF RELIEF REQUESTED

13. The D&R Claims should be disallowed and restated in the amounts set forth in **Exhibit A** hereto because each of those claims has been resolved in the amounts set forth in the Assumption Notice by the Debtor's assumption of the underlying contracts pursuant to the Modified Second Amended Plan and the Confirmation Order. Any surviving claims, as set forth in **Exhibit A** hereto and consistent with the cure amounts, if any, set forth in the Assumption Notice, are not affected by the relief sought in this Claims Objection and will be paid by the Reorganized Debtor pursuant to the terms of the Modified Second Amended Plan. The surviving claims are listed in **Exhibit A** hereto. Even if the Assumption Notice is deemed non-binding on the D&R Claimants, three of the four D&R Claims (the Claims of U.S. Bancorp Equipment Finance ("U.S. Bancorp"), Minibar North America, Inc. ("Minibar") and Mitel Leasing, Inc. ("Mitel")) are stated in amounts far in excess of the amounts owed to those Claimants based on Kokua's books and records. They should be disallowed (or partially disallowed in the case of Minibar and Mitel) for that reason alone.

## OBJECTIONS TO SATISFIED OR RELEASED CLAIMS

14. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

15. Section 365 of the Bankruptcy Code allows a debtor to assume any executory contract or unexpired lease provided that the debtor first cures or provides adequate assurance that the debtor will cure an existing default and provides adequate assurance of future performance under such contract or lease. 11 U.S.C. § 365 (b). Here, the Modified Second Amended Plan constituted the Debtor's motion seeking to assume certain executory contracts

and unexpired leases. The Court entered the Confirmation Order confirming the Modified Second Amended Plan. The Assumption Notice, sent pursuant to the Modified Second Amended Plan, provided notice to counterparties to contracts and leases being assumed, the applicable cure amounts and payment process, and provided for a process to object to assumption. A copy of the Assumption Notice was sent to each of the holders of the D&R Claims. No party objected to the relief provided in the Assumption Notice. Hence, under the Modified Second Amended Plan and Confirmation Order, each of the counterparties to the contracts and leases being assumed per the Assumption Notice, including holders of the D&R Claims, has waived any right to assert any other, further claim or objections relating to their respective contracts or leases and is bound by the applicable cure amounts, if any, stated in the Assumption Notice.

16.     The Debtor has complied with Bankruptcy Rule 3007, which contains a limitation on the joinder of claims objections. Bankruptcy Rule 3007(c). Bankruptcy Rule 3007(d) permits the filing of omnibus claims objections if one or more of the prerequisites contained therein are met. The Debtor believes that Bankruptcy Rule 3007(d) (5) permits the filing of this Claims Objection as an omnibus objection. Here, each of the D&R Claims has previously been allowed, satisfied or released during the Case in accordance with Assumption Notice, the Modified Second Amended Plan and the Confirmation Order. Bankruptcy Rule 3007(d) (5). Further, the Claims Objection meets the requirements for omnibus objections contained in Bankruptcy Rule 3007(e): (a) it states that the D&R Claimants receiving this Claims Objection should locate their names and claims in the attachments thereto; (b) it lists each of the D&R Claimants alphabetically, providing a cross-reference to their respective claims numbers and lists them by the category of claims; (c) it states the grounds of the objection to each claim and provides a

cross-reference to the pages in the Claims Objection pertinent to the stated grounds; (d) it states in the title the identity of the objector and the grounds for objection; (e) it states that it is the Debtor's first omnibus objection to claims; and (f) it contains objections to only four (4) claims.

17.     In addition to the objection relating to the Assumption Notice, three of the four D&R Claims state claim amounts far in excess of the actual amount due and owing as set forth in Kokua's books and records.  In particular, and as set forth in Exhibit A, the Debtor does not owe any amounts currently to U.S. Bancorp (Claim No. 13-1).  The Debtor owes $5,576.40 to Minibar (Claim No. 19-1) and $807.57 to Mitel (Claim No. 29-1).  The amounts stated Claim Nos. 13-1. 19-1 and 29-1 appear to be based on a rejection of the leases underlying the claims, which has not occurred.  Thus, even if the Court overrules the objection based on the grounds stated in paragraph 15 above, the Court should sustain the Debtor's objection to Claim Nos. 13-1, 19-1 and 29-1 based on incorrect claim amounts,

## RESERVATION OF RIGHTS

18.     The Debtor expressly reserves the right to amend, modify or supplement this Claims Objection in response to any response filed by holders of the D&R Claims.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtor respectfully requests that the Court enter an order, (i) sustaining the Debtor's objection to claims asserted by holders of the D&R Claims and disallowing and restating those claims; (ii) allowing the D&R Claims in the amounts set forth at **Exhibit A** herein, which amounts are consistent with the cure amounts included in the Assumption Notice and the amounts stated as due and owing in Kokua's books and records; and (iii) grant such other and further relief as is just and proper under the circumstances.

Dated: March 15, 2013   ALT Hotel, LLC

By: /s/ Dean C. Gramlich
   Neal L. Wolf (ARDC No. 6186361)
   Dean C. Gramlich (ARDC No. 6191587)
   NEAL WOLF & ASSOCIATES, LLC
   155 N. Wacker Drive, Suite 1910
   Chicago, IL 60606
   Main:   (312) 228-4990
   Fax:    (312) 228-4988
   Email:  nwolf@nealwolflaw.com
           dgramlich@nealwolflaw.com

*Attorneys for the Debtor and Debtor-in-Possession*