**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALT Hotel, LLC, | ) | Case No. 11-19401 (ABG) |
| | ) | |
| Debtor. | ) | Hearing Date: October 28, 2013 |
| | ) | Hearing Time: 9:30 a.m. |

**NOTICE OF MOTION ON REORGANIZED DEBTOR'S**
**MOTION FOR FINAL DECREE**

To: All Parties on the Attached Service List

    **PLEASE TAKE NOTICE** that at **9:30 a.m.** on **October 28, 2013**, or as soon thereafter as counsel may be heard, undersigned counsel for ALT Hotel, LLC, debtor and debtor in possession herein, shall appear before the Honorable A. Benjamin Goldgar, United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, Room 642, 219 S. Dearborn Street, Chicago, Illinois, or before any judge sitting in his stead, and present the **Reorganized Debtor's Motion for Final Decree**, a copy of which is hereby served upon you.

                                                Respectfully submitted,

Dated: October 11, 2013              ALT Hotel, LLC

                                          By: /s/ Neal L. Wolf
                                                Neal L. Wolf (ARDC No. 6186361)
                                                Dean C. Gramlich (ARDC No. 6191587)
                                                NEAL WOLF & ASSOCIATES, LLC
                                                155 N. Wacker Drive, Suite 1910
                                                Chicago, IL 60606
                                                Main: (312) 228-4990
                                                Fax: (312) 228-4988
                                                Email: nwolf@nealwolflaw.com
                                                                     dgramlich@nealwolflaw.com

                                                *Attorneys for the Reorganized Debtor*

# **CERTIFICATE OF SERVICE**

I, Dean C. Gramlich, hereby certify that on Friday, October 11, 2013, I caused true and correct copies of the foregoing Notice, Reorganized Debtor's Motion for Final Decree and the group exhibit thereto, to be served via the CM/ECF system on the following persons:

| | |
|---|---|
| *Creditor Kokua Hospitality, LLC*<br>Christian Auty<br>Marc Carmel<br>Jeffrey Diener<br>christianauty@paulhastings.com<br>marccarmel@paulhastings.com<br>jeffreydiener@paulhastings.com | *Defendant Wells Fargo Bank, N.A.*<br>George Dougherty<br>Daniel R. Fine<br>docket@grippoelden.com<br>ourdocket@gmail.com |
| *Creditor DiamondRock Allerton Owner LLC*<br>James R. Irving<br>Aaron Paushter<br>jim.irving@dlapiper.com<br>timothy.walsh@dlapiper.com<br>lawrence.uchill@dlapiper.com<br>william.coleman@dlapiper.com<br>jason.karaffa@dlapiper.com<br>aaron.paushter@dlapiper.com | *U.S. Trustee*<br>Patrick S. Layng<br>USTPRegion11.ES.ECF@usdoj.gov |
| *Interested Party Hotel Allerton Mezz, LLC*<br>Michael C. Moody<br>mmoody@oroukeandmoody.com<br>firm@orourkeandmoody.com | *Plaintiff Hotel Allerton Mezz, LLC*<br>Michael J. O'Rourke<br>morouke@okmlaw.com |
| *Defendant U.S. Bank as Trustee for the Credit Suisse First Boston Mortgage Securities Corp. Commercial Pass-Through Certificates Series 2007-TLF1*<br>Jason Lawrence Pyrz<br>Jerry L. Switzer<br>jpyrz@polsinelli.com<br>jswitzer@polsinelli.com | *Creditor DiamondRock Allerton Owner LLC*<br>David Wirt<br>Brian Raynor<br>Travis Rojakovick<br>dwirt@lockelord.com<br>braynor@lockelord.com<br>trojakovick@lockelord.com<br>docket@lockelord.com |
| *Creditor National Retirement Fund*<br>Michele M. Reynolds<br>mreynolds@dbb-law.com<br>efile@dbb-law.com | *Creditor U.S. Foodservice, Inc.*<br>Samuel C. Wisotzkey<br>swisotzkey@kmksc.com<br>kmksc@kmksc.com |

00006402.DOCX V-

   I further certify that on October 11, 2013, I caused copies of the foregoing Notice, Reorganized Debtor's Motion for Final Decree, and the group exhibit thereto, to be served by first class United States Mail, postage prepaid, on all persons on the attached Service List.

                   /s/   *Dean C. Gramlich*
                   Dean C. Gramlich

## SERVICE LIST

| | | |
|---|---|---|
| Central Pension Fund<br>4115 Chesapeake Street, NW<br>Washington, DC 20016 | Chicago Convention & Tourism Bureau<br>2301 South Lake Shore Drive<br>Chicago, IL 60616 | Column Financial, Inc.<br>Attn: Reese Mason<br>11 Madison Avenue<br>New York, NY 10010 |
| Cook County Treasurer<br>Attn: Legal Department<br>118 North Clark Street, Room 112<br>Chicago, IL 60602 | Department of the Treasury<br>Internal Revenue Service<br>Centralized Insolvency Op.<br>P.O. Box 21126<br>Philadelphia, PA 19114 | Shawn Mahoney<br>DiamondRock Allerton Owner, LLC<br>DiamondRock Hospitality Co.<br>3 Bethesda Metro Center, Suite 1500<br>Bethesda, MD 20814 |
| Five Star Laundry Chicago LLC<br>1060 West Division Street<br>Chicago, IL 60642-4205 | Flexprint<br>180 North LaSalle Street, #3130E<br>Chicago, IL 60654 | Guest Supply<br>2 Campus Drive<br>Monmouth Junction, NJ 08852 |
| Hereiu Welfare Funds<br>55 West Van Buren<br>Suite 500<br>Chicago, IL 60605 | Illinois Department of Revenue<br>P.O. Box 19447<br>Springfield, IL 62794-9447 | Illinois Secretary of State<br>Jesse White<br>213 State Capitol<br>Springfield, IL 62756 |
| IUOE Local 399<br>2260 South Grove Street<br>Chicago, IL 60616 | Liberty Mutual Insurance Co.<br>222 South Riverside Plaza<br>Suite 1580<br>Chicago, IL 60606 | Lodgenet Interactive Corporation<br>535 Fifth Avenue, 15th Floor<br>New York, NY 10017 |
| National Decorating Service<br>2210 Camden Court, #1<br>Oak Brook, IL 60523-1269 | Oxford Lodging Advisory & Investment<br>Attn: Robert D. Kline<br>50 California St., Suite 3300<br>San Francisco, CA 94111 | Park One<br>328 South Wabash Avenue<br>Chicago, IL 60604 |
| Perry Real Estate Capital Partners<br>767 Fifth Avenue, 19th Floor<br>New York, NY 10153 | Redwood Systems Group<br>8231 West 185th Street Suite 300<br>Tinley Park, IL 60487 | Southern Audio Visual<br>11700 NW 102nd Road #15<br>Miami, FL 33178-1029 |
| Southern Wine & Spirits of Illinois<br>300 East Crossroads Parkway<br>Bolingbrook, IL 60440 | Testa Produce Inc.<br>Attn: Lenny Moskowitz<br>4555 South Racine Avenue<br>Chicago, IL 60609 | Unite Here National Retirement Fund<br>6 Blackstone Valley Place<br>Lincoln, RI 02865 |

United Healthcare
233 North Michigan Avenue
Chicago, IL 60601

Patrick S. Layng
United States Trustee (Region 11)
219 South Dearborn Street, Suite 873
Chicago, IL 60604

U.S. Foodservice
800 Supreme Drive
Bensenville, IL 60106

Wells Fargo Bank, N.A.
Attn: Cindy Mayne
733 Marquette Ave., 10th Floor
Minneapolis, MN 55402

Wirtz Beverage
1600 McConnor Parkway
11th Floor
Schaumburg, IL 60193

XO Communications
233 S. Wacker Dr.
35th Floor
Chicago, IL 60606

Wilkie Farr & Gallagher LLP
Attn: Steven D. Klein
787 Seventh Avenue
New York, NY 10019-6099

Pircher, Nichols & Meeks
Attn: Timothy J. McCaffrey
900 N. Michigan Avenue, Suite 1050
Chicago, IL 60611

O'Rourke & Moody
Attn: Michael C. Moody
55 W. Wacker Drive, Suite 1400
Chicago, IL 60601

Locke Lord LLP
Attn: David W. Wirt
111 S. Wacker Drive
Chicago, IL 60606-0256

Kokua Hospitality, LLC
Attn: David Dillon
541 North Fairbanks, Suite 2730
Chicago, IL 60611

Paul Hastings LLP
Attn: Jeffrey D. Diener
515 S. Flower St., 25th Floor
Los Angeles, CA 90071

Paul Hastings LLP
Attn: Marc J. Carmel
Christian M. Auty
191 N. Wacker Drive, 30th Floor
Chicago, IL 60606

Dowd, Bloch & Bennett
Attn: Michele M. Reynolds
8 S. Michigan Ave., 19th Floor
Chicago, IL 60603

Polsinelli Shughart PC
Attn: Jason L. Pyrz
161 N. Clark Street, Suite 4200
Chicago, IL 60601

Kohner, Mann & Kailas, S.C.
Attn: Samuel C. Wisotzkey
Washington Bldg.
Barnabas Business Center
4650 North Port Washington Road
Milwaukee, WI 53212-1059

Kimberly D. Newmarch
DLA Piper (US)
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601

Roman Sukely
United States Trustee (Region 11)
219 South Dearborn Street, Suite 873
Chicago, IL 60604

TR Capital Management, LLC
336 Atlantic Avenue
Suite 302
EastRockaway, NY 11518

Debt Acquisition Co. of America V, LLC
1565 Hotel Circle S, #310
San Diego, CA 92108

City of Chicago
Department of Water Management
Office of the Commissioner
DePaul Center, Suite 410
333 South State Street
Chicago, IL 60602

Exelon Energy Company
C T Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

Exelon Energy Company
Attn: Kenneth W. Cornew
300 Exelon Way
Kennett Square, PA 19348

Constellation NewEnergy, Inc.
Attn: C T Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

Allied Waste Transportation, Inc.
Attn: C T Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

Allied Waste Transportation, Inc.
Kevin Walbridge
18500 North Allied Way
Phoenix, AZ 85054

ComEd
Attn: Anne R. Pramaggiore
440 South LaSalle Street
Chicago, IL 60605

Constellation NewEnergy, Inc.
Attn:  Michael Kagan
750 East Pratt Street, 17th Floor
Baltimore, MD 21202

ComEd
Attn: Veronica Gomez
10 South Dearborn Street, 49th Floor
Chicago, IL 60603

XO Communications Services, Inc.
Attn:  Illinois Corporation Service Co.
801 Adlai Stevenson Drive
Springfield, IL 62703

LodgeNet Interactive Corporation
Atn:  CT Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

Scott Petersen
LodgeNet Interactive Corporation
3900 West Innovation Street
Sioux Falls, SD 57107

AT&T Illinois
Attn:  Paul V. La Schiazza
225 West Randolph Street, #Z1
Chicago, Illinois 60606

XO Communications Services, Inc.
Attn:  Carl Grivner
13865 Sunrise Valley Drive
Herdon, VA 20171

AT&T Illinois
Attn:  C T Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

AT&T Mobility LLC
Attn:  C T Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

AT&T Corp.
Attn:  C T Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

AT&T Corp.
Attn:  Ronald E. Spears
One AT&T Way
Bedminster, NJ 07921

General Counsel
AT&T Mobility LLC
1025 Lenox Park Boulevard
Atlanta, GA 30319

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ALT Hotel, LLC, ) | Case No. 11-19401 (ABG) |
| ) | |
| Debtor. ) | **Hearing Date: October 28, 2013** |
| ) | **Hearing Time: 9:30 a.m.** |

**REORGANIZED DEBTOR'S MOTION FOR FINAL DECREE**

The above-captioned reorganized debtor (the "Reorganized Debtor"), by its undersigned counsel, pursuant to section 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of the U.S. Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), hereby moves this Court for entry of a final decree and order closing this chapter 11 case (the "Motion"). In support of its Motion, the Reorganized Debtor states:

**Jurisdiction and Venue**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2) (A) and (O).

2.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3.  The Reorganized Debtor is a Delaware limited liability company. Its sole member is Hotel Allerton Mezz, LLC, a Delaware limited liability company ("Hotel Allerton Mezz"). The Debtor's principal asset is a hotel in downtown Chicago, Illinois named the Allerton Hotel (the "Hotel"). The Hotel is managed by Kokua Hospitality, LLC ("Kokua")

pursuant to a Hotel Management Agreement, dated November 9, 2006, between the Debtor and Kokua.

4. On May 5, 2011 (the "Petition Date"), the Reorganized Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Reorganized Debtor continues in possession of its property and continues to operate and manage its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case. The Office of the United States Trustee ("U.S. Trustee") did not appoint a committee of unsecured creditors in the case.

5. On January 25, 2012, the Reorganized Debtor filed its Disclosure Statement for Plan of Reorganization under Chapter 11 of the Bankruptcy Code Proposed by the Debtor ("Disclosure Statement") [Docket No. 176]. On April 9, 2012, this Court approved the Disclosure Statement [Docket No. 243].

6. As the Court will recall, proceedings in this Case focused largely on substantial disputes between the Reorganized Debtor and its mortgagee, DiamondRock Allerton Owner ("DiamondRock") over, among other things, the parties' pre-petition conduct, the terms of a chapter 11 plan of reorganization and the terms of the various cash collateral orders periodically entered by this Court. The Reorganized Debtor has benefited from very few disputes with its trade creditors, Hotel employees employed by Kokua, and organizations representing those employees.

7. On October 27, 2013, the Reorganized Debtor resolved its various disputes with DiamondRock, with the terms of their settlement being described in the Debtor's Second Amended Plan of Reorganization ("Plan"), filed with the Court on October 29, 2012 along with a new loan agreement [Docket No. 372]. After a brief confirmation hearing on

October 29, 2012, the Court entered an Order Confirming the Plan ("Confirmation Order") [Docket No. 374].

8. Article VII.C of the Plan required the Reorganized Debtor to satisfy various conditions to the occurrence of the Effective Date by January 18, 2013, including a $5 million pay down of the principal amount of the restructured mortgage by Hotel Allerton Mezz, the Reorganized Debtor's owner.

9. On January 18, 2013, the Reorganized Debtor and Hotel Allerton Mezz satisfied the conditions to the Plan Effective Date and otherwise closed on the restructured mortgage.

10. On January 24, 2013, the Reorganized Debtor issued a Notice of the Plan Effective Date [Docket No. 395].

11. With respect to the treatment of the Reorganized Debtor's general unsecured claims, Article IV.B.3 of the Plan required full payment of the allowed amount of those claims in two equal installments, with interest on the second payment accruing at 5% per annum. The Reorganized Debtor has made both such installment payments (the first in January 2013 and the second in July 2013). None of the unsecured creditors who received payments have objected to the amounts paid. True and correct copies of the check runs for the January and July 2013 distributions are attached as **Group Exhibit A** hereto.

12. The Reorganized Debtor prosecuted a limited number of claims objections, including a First Omnibus Objection to Satisfied or Released Claims [Docket No. 401]. All such objections have been previously resolved. There are no pending adversary proceedings or contested matters.

**The Chapter 11 Plan Has Been Fully Administered**

13. The Reorganized Debtor has substantially consummated the Plan. On or before the Effective Date, the Reorganized Debtor entered into the restructured loan agreement and related agreements with DiamondRock and Hotel Mezz Lender paid to DiamondRock the $5 million as required in the restructured mortgage. The Reorganized Debtor continues to make timely payments to DiamondRock in accordance with the restructured mortgage. The Reorganized Debtor continues in its position as owner of the Hotel, with Kokua acting as the management company.

14. Pursuant to Article VIII (A) of the Plan, all property of the bankruptcy estate vested in the Reorganized Debtor on the Effective Date subject to the restructured mortgage.

15. Pursuant to Article VI of the Plan, on the Effective Date the Reorganized Debtor assumed all its executory contracts and any unexpired leases of personal property.

16. Shortly after the Effective Date and again in July 2013, the Reorganized Debtor made the payments in full to unsecured creditors required by the Plan. In some instances these payments also served to cure pre-petition defaults in payments to counterparties to executory contracts with the Reorganized Debtor. In March 2013, the Reorganized Debtor reviewed claims and filed a limited number of objections to the allowance of certain Class 3 general unsecured claims. Pursuant to various orders of this Court, the Reorganized Debtor has resolved all such claims objections. The Reorganized Debtor has no knowledge of any outstanding allowed claims and believes all have been resolved.

17. Pursuant to Local Rule 3022-1, the Reorganized Debtor states that all payments due to Class 3 unsecured creditors or due on account of cure obligations, as described in Group Exhibit A, have been made except with respect to one minor ministerial matter recently discovered.

18.  The Reorganized Debtor has continued to pay all quarterly fees due and owing to the Office of the United States Trustee.  The Reorganized Debtor intends to complete its filing of monthly operating reports and make all payments due and owing to the Office of the United States Trustee on or before November 15, 2013.

### Relief Requested

19.  The Reorganized Debtor requests entry of a final decree and order closing the above-captioned chapter 11 bankruptcy case.

### Basis for Relief

20.  Section 350(a) of the Bankruptcy Code provides, in pertinent part, that, "after an estate is fully administered … the court shall close the case."

21.  Bankruptcy Rule 3022, states that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on a motion of a party in interest, shall enter a final decree closing the case."

22.  Local Rule 3022- I provides that "debtors … moving after chapter 11 plan confirmation either to close the case or enter a final decree shall (1) give notice of such motion to the United States Trustee, any chapter 11 trustee, and all creditors, and (2) state within the notice or motion the actual status of payments due to each class under the confirmed plan."

23.  A bankruptcy court's "entry of a final decree is merely a perfunctory, administrative event and nothing more than a ministerial housekeeping act …." *In re Greater Jacksonville Transp. Co.*, 169 B.R. 221, 224 (Bankr. M.D. Fla. 1994).  A final decree does not adjudicate any rights between the parties and is more of an administrative step to allow the clerk's office to dispose of the case file." *In re Indian Creek Ltd. P'ship.*, 205 B.R. 609, 611 (Bankr. D. Ariz. 1997), citing *In re Beechknoll Nursing Homes, Inc.*, 202 B.R. 260, 261 (Bankr. S.D. Ohio 1996).

24. The phrase "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules. However, the following factors are identified in an Advisory Committee Note to Bankruptcy Rule 3022 in determining whether an estate has been fully administered:

    (a)    whether the order confirming the plan has become final;

    (b)    whether deposits required by the plan have been made;

    (c)    whether the property proposed by the plan to be transferred has been transferred;

    (d)    whether the debtor or its successor under the plan has assumed the business or the management of the property addressed in the plan;

    (e)    whether the debtor or other plan proponent has commenced payments under the plan; and

    (f)    whether all motions, contested matters and adversary proceedings have been finally resolved.

25. " 'Bankruptcy courts have flexibility in determining whether an estate is fully administered by considering the factors set forth in Rule 3022, along with any other relevant factors.' When to enter a final decree is within the discretion of the Bankruptcy Court." *In re Omega Optical, Inc.*, 476 B.R. 157, 167 (Bankr. E.D. Pa. 2012), quoting *In re Provident Fin., Inc.,* 2010 Bankr. LEXIS 5047, at *9 (9th Cir. BAP Oct. 12, 2010). "[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree. Instead, the Committee Note and the factors therein merely serve as a guide in assisting the Court in its decision to close a case." *In re Mold Makers, Inc.,* 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).

26. As the Advisory Committee factors are applied to the instant case, the Reorganized Debtor's bankruptcy case has been "fully administered":

    (a)    the Confirmation Order is final and non-appealable;

    (b)    this Court has ruled upon all professional final fee applications, and the Reorganized Debtor has paid or will pay all allowed professional fees;

    (c)    the Reorganized Debtor will pay all quarterly fees due and owing to the U.

      S. Trustee by a date certain;

  (d)  the Reorganized Debtor has transferred property, cured all defaults, and made final distributions to all holders of allowed claims; and

  (e)  there are no unresolved motions, contested matters or adversary proceedings in this bankruptcy case.

  27.  However, even if the Court finds the Reorganized Debtor must complete additional tasks associated with the Plan (particularly the filing of monthly reports and payment of U.S. Trustee fees), this bankruptcy case is still ripe for closure. A bankruptcy case may be closed even though certain ministerial matters remain outstanding. For instance, a bankruptcy case may be closed even though there are outstanding claims against the debtor to be resolved. See *Spierer v. Federated Dep't Stores, Inc.* (*In re Federated Dep't Stores, Inc.*), 43 Fed. Appx. 820, 822 (6th Cir. 2002) ("The only unresolved claims in these cases involve alleged personal injuries which claims will be resolved either through the court- approved alternative dispute resolution procedure or through litigation in state or federal court where the respective underlying action is pending. Accordingly, the bankruptcy court properly entered the final decrees in these Chapter 11 cases as there was no need for the cases to continue to be open."); *Ericson v. IDC Servs., Inc.* (*In re IDC Servs, Inc.*), 1998 U.S. Dist. LEXIS 13449, at ** 10-11 (S.D.N.Y. Aug. 28, 1998) (plan was substantially consummated and case was properly closed where plan of reorganization had been confirmed, all disputed claims had been resolved by the court except one which was not entitled to distribution, and substantially all payments required under the plan had been made).

  28.  Although there remains a possibility that this Court may be asked to determine issues in connection with the Plan in the future, the Reorganized Debtor's case has been fully administered and should be closed. "It is time for the Debtor to get on with its business and leave the shadows of the Court." *Mold Makers*, 124 B.R. 766, 769 (Bankr. N.D. Ill. 1990).

29. The Reorganized Debtor is required to pay quarterly fees to the U. S. Trustee after confirmation and consummation of a chapter 11 plan until its bankruptcy case is closed. See 28 U.S.C. § 1930(a)(6). Unless and until the Court enters a final decree in closing this chapter 11 case, the Reorganized Debtor must continue paying quarterly fees to the U.S. Trustee, which is an unnecessary financial burden. The Reorganized Debtor concedes that it has not filed quarterly reports for June through September 2013 and additional U.S. Trustee fees will be owing for most of October 2013. However, the Reorganized Debtor is working diligently to complete these reports and will pay the fees. This ministerial task does not justify keeping the case open into November 2013.

30. For all of the foregoing reasons, the Reorganized Debtor requests, pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 3022-1, that this Court enter a final decree closing the chapter 11 case.

WHEREFORE, for the foregoing reasons, the Reorganized Debtor respectfully requests entry of an order: (a) granting the relief requested in this Motion; (b) entering a final decree and order closing the Reorganized Debtor's chapter 11 case; and (d) granting such other and further relief as the Court deems just and proper.

Dated: October 11, 2013                     ALT Hotel, LLC

                                            By: /s/ *Dean C. Gramlich*
                                            Neal L. Wolf (ARDC No. 6186361)
                                            Dean C. Gramlich (ARDC No. 6191587)
                                            NEAL WOLF & ASSOCIATES, LLC
                                            155 N. Wacker Drive, Suite 1910
                                            Chicago, IL 60606
                                            Main: (312) 228-4990
                                            Fax:  (312) 228-4988
                                            Email: nwolf@nealwolflaw.com
                                                   dgramlich@nealwolflaw.com

                                            *Attorneys for the Reorganized Debtor*